Opinion
HOLMES, J.*
This case, and nine companion cases, decided this day, that were consolidated for briefing, involve the novel and important questions: (1) Is it necessary for the record on appeal to show that the trial court expressly advised an unrepresented defendant accused of a public offense classified as an infraction,[1] as distinguished from a misdemeanor or felony, that he has the right to be represented by privately retained counsel[2]; and, if so, (2) is it necessary that the record reflect an express, knowing and intelligent waiver by such defendant of counsel before he may validly enter a plea of guilty or nolo contendere or be brought to trial by the court without representation by counsel.[3]
We decide that in such cases it is not necessaiy for the record to disclose an express admonition of defendant by the court of defendant’s right to employ counsel or a knowing and intelligent waiver of counsel, *Supp. 23 unless special circumstances are disclosed that make lack of súch a showing unreasonable.
The Sixth Amendment of the Constitution of the United States declares that “[i]n all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of Counsel for his defense.”
Section 15 of article I of the California Constitution declares that “[t]he defendant in a criminal cause has the right ... to have the assistance of counsel for the defendant’s defense, to be personally present with counsel.. . ,”[4]
In the case of In re Johnson (1965) 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420] defendant was one of a large number of defendants, charged with traffic offenses, assembled in the arraignment court. He was not represented by an attorney. The judge made an opening statement of constitutional rights to the assembled defendants, then arraigned each individually. The defendant Johnson pleaded guilty to 5 traffic complaints[5] and was sentenced to 5 consecutive maximum terms of 180 days in jail. On appeal the defendant conceded that the judge’s opening statement of constitutional rights included the subject of right to counsel, but the record reflected no express waiver by defendant.
After quoting the California Constitution’s guarantee of right to counsel[6] the court in In re Johnson said, at page 329: “.. . [Tjhere can be no doubt that the fundamental constitutional right to the assistance of counsel at all stages of the proceedings (see Gideon v. Wainright (1963) 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733]; People v. Douglas (1964) 61 Cal.2d 430, 434 [1] [38 Cal.Rptr. 884, 392 P.2d 964]) is, in California at least, not limited to felony cases but is equally guaranteed to persons charged with misdemeanors in a municipal or other inferior court. {In re Masching (1953) 41 Cal.2d 530, 532 [2] [261 P.2d 251]; In re McCoy (1948) 32 Cal.2d 73, 76 [1] [194 P.2d 531]; In re *Supp. 24 Jingles (1946) 27 Cal.2d 496, 498 [1] [165 P.2d 12]; see also Pen. Code, § 686, subd. 2, and § 690.)” The Johnson case preceded establishment in 1968 of the category of “infractions,” distinguished from misdemeanors, as a class of crimes and public offenses. (Pen. Code, § 16.)
The Johnson court recognized and discussed the problem of adequate advisement of right to counsel at time of arraignment in traffic courts. At pages 332-333 the court said: “It bears emphasizing that the statutory directives (Pen. Code, §§ 858, 859, 987) do not specify the precise manner in which the courts are to apprise defendants of their right to counsel. Within the ambit of the constitutional guarantees, therefore, a certain leeway is permissible in handling these important but essentially preliminary matters. No hard and fast rule, no ideal procedure, will accommodate the diverse problems facing our arraignment courts today; rather, the circumstances of each method of informing defendants of their rights should, if challenged, be carefully weighed in the constitutional balance. Thus in In re Newbern (1959) supra, 168 Cal.App.2d 472, 476 [4a]-477 [4b], the court found a denial of constitutional rights where more than 200 prisoners confined in four jail tanks were ‘advised’ of their rights by an unseen and unknown deputy public defender speaking to them in Orwellian manner over a public address system from a microphone in a corridor of the jail. By contrast, in In re Sheridan (1964) 230 Cal.App.2d 365, 368-369 [40 Cal.Rptr. 894], no denial of constitutional rights was found where the defendants were assembled in the courtroom for the announced purpose of being advised of their rights, and that advice was read to them by the clerk at the behest and in the presence of the judge. In the present case the advice as to rights was given in open court, and was given by the judge personally rather than through his clerk. No constitutional defect appears thus far in the proceedings.”
The court held, in Johnson, that it was not necessary in that case to decide whether the defendant has been informed of his right to counsel, because the defendant conceded that the trial judge made an opening statement on the subject to all defendants in the courtroom before arraignment. The Supreme Court held that collective advisement was sufficient absent proof of its inadequacy in the case of an individual defendant. (62 Cal.2d, at p. 332.)
We read the above-quoted discussion, in Johnson, as holding that in misdemeanor cases, as in felonies, a defendant must be “apprised” by the court of his right to assistance of counsel, either individually or *Supp. 25 collectively and that compliance with that requirement will not be presumed from a silent record.
However, creation of the category of public offenses denominated “infractions” in 1968, and prohibition of incarceration as a penalty for violation thereof necessitates re-examination of the necessity for admonition and waiver of counsel, insofar as it relates to infractions, in light of the developing procedural law relating to prosecution of petty offenses.
Having held that the defendant was adequately informed of his right to counsel, the Johnson court turned to the question of whether the defendant had waived that right. In Johnson, as in the cases here under review, the record reflected no express waiver. The Johnson court held to be “crucial” a showing that defendant intelligently and understandingly waived his right to counsel and that waiver may not be presumed either from the fact that an unrepresented defendant pleads guilty or from a record that is silent on the subject.
Stating that waiver of counsel may not be accepted from a defendant charged with a “serious” offense without first determining that he understands the nature and elements of the offense and the pleas, defenses and punishments potentially involved, the Johnson court addressed itself to the practical problem of reconciling the need for an understanding and intelligent waiver of the right to counsel with the need for expeditious administration of justice in inferior courts called upon to deal with “an unending stream of traffic violations, drunk cases . . . and similar petty offenses.” (62 Cal.2d 336.) The court expressed the view that in those courts and under such circumstances the constitutional necessity for meaningful waiver of counsel should be viewed in light of the convenience of the parties and the court. The court said at page 336: “While there can be no impairment of the fundamental constitutional rights of any defendant, however minor his crime, in certain situations there may be a choice of valid ways to implement these rights. Where such is the case—and constitutional rights are respected—the convenience of the parties and the court should be given considerable weight. For example, probably the vast majority of citizens haled into court on traffic violations share the judge’s interest in prompt disposition of their cases, feeling themselves sufficiently inconvenienced by having to make personal appearances in the first place. [Fn. omitted.] To require the judge to orally examine each such defendant at length for the purpose of determining his capability of defending himself would seem to be an idle and time-wasting ritual. Compliance with the spirit of the constitutional *Supp. 26 mandate that an intelligent waiver of counsel must affirmatively appear in the record may be efficiently achieved in such cases in a variety of acceptable ways.”[7]
In Mills v. Municipal Court (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273] the court demonstrated continuing vitality of the Johnson rule of convenience in cases involving minor offenses. At page 303 the court said: “The Johnson decision thus teaches that in evaluating the procedures utilized in inferior courts for advising defendants of their rights and obtaining ‘on the record’ waivers, the realities of the typical municipal and justice court environment cannot be ignored, and that, so long as the spirit of the constitutional principles are respected, ‘the convenience of the parties and the court should be given considerable weight.’ (Id., see In re Smiley (1967) 66 Cal.2d 606, 622 [58 Cal.Rptr. 579, 427 P.2d 179].)” (Italics added.)
The question presented by the cases now under review is whether a rule of convenience foreshadowed by Johnson and Mills adequately protects the constitutional right to counsel when the charge against the defendant is an “infraction” rather than a misdemeanor and defendant, therefore, stands no risk of loss of personal liberty.
In Argersinger v. Hamlin (1972) 407 U.S. 25 [32 L.Ed.2d 530, 92 S.Ct. 2006] it was held that an indigent defendant’s right to court-appointed counsel, theretofore recognized in felony cases in federal courts, extended to misdemeanor cases in which the accused is actually punished by incarceration. The United States Supreme Court therein stated that it-was not called upon to “consider the requirements of the Sixth Amendment as regards the right to counsel where loss of liberty is not involved. . . .” (407 U.S., at p. 37 [32 L.Ed.2d at p. 538].) The court limited its holding as follows: “We hold . . . that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he was represented by counsel at his trial.” (407 U.S., at p. 37 [32 L.Ed.2d at p. 538].) (Italics added.) The opinion concluded:
“Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even *Supp. 27 though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.
“The run of misdemeanors will not be affected by today’s ruling. But in those that end up in the actual deprivation of a person’s liberty, the accused will receive the benefit of ‘the guiding hand of counsel’ so necessary when one’s liberty is in jeopardy.” (Italics added.)
In Mills v. Municipal Court (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273], the People contended that Argersinger, supra, excused the trial court in misdemeanor cases punishable by fine or incarceration from advising defendants of their constitutional rights prior to plea where the proceedings do not actually result in incarceration. The California Supreme Court rejected this contention on the ground that the arraignment court could not be expected to know whether subsequent proceedings in the case would result in defendant’s incarceration. The California court also questioned whether Argersinger stands for the proposition that the need of advisement of a misdemeanor defendant of his constitutional rights depends upon whether he is eventually punished by incarceration. Said the California court at page 300: “On the contrary, Justice Powell suggested in his concurring opinion in Argersinger that ‘[t]he thrust of the Court’s position indicates . . . that when the decision must be made, the rule will be extended to all petty offense cases except perhaps the most minor traffic violations.’ (407 U.S. at p. 51 [32 L.Ed.2d at p. 546].)” (Italics added.)
Section 19c of the Penal Code expressly forbids punishment of an infraction by imprisonment and section 42001 of the Vehicle Code limits punishment for infractions to a fine of $50 on a first conviction, $100 on a second conviction within one year, and $250 for a third or subsequent conviction within one year. Section 42005 of the Vehicle Code empowers the court to order a person convicted of a traffic violation to attend a school for instruction in the operation of a motor vehicle.[8] Thus a defendant accused of an infraction in California stands no risk of incarceration on that account and the concluding language of the Argersinger opinion and that of Justice Powell quoted in Mills has pointed significance. In view of the fact that infractions in California are *Supp. 28 limited to traffic violations and that conviction of such an offense does not entail loss of liberty, “infractions” under California law fall within the definition of “the run of misdemeanors” and the “most minor traffic violations” tentatively envisioned by the authors of Arger singer as not requiring the assistance of counsel for the defense.[9]
Neither the United States nor California Supreme Court has held that the record in a petty traffic violation case must reflect intelligent and understanding waiver of counsel. Both courts have indicated awareness of the circumstances that tend to make such a waiver unnecessary in order to achieve justice. Those circumstances have been variously described as the “high price” in “terms of its adverse impact on the administration of the criminal justice systems of 50 States” of requiring counsel in petty cases (concurring opn. of Justices Powell and Rehnquist in Argersinger, supra, 407 U.S., at p. 51 [32 L.Ed.2d at p. 546]); the “idle and time-wasting ritual” of requiring “the judge to orally examine each . . . defendant at length for the purpose of determining his capability of defending himself’ {In re Johnson, supra, 62 Cal.2d, at p. 336); “the practicalities of the crowded inferior courts” (Mills v. Municipal Court, supra, 10 Cal.3d, at p. 307); “No hard and fast rule, no ideal procedure, will accommodate the diverse problems facing our arraignment courts today; rather, the circumstances of each method of informing defendants of their rights should, if challenged, be carefully weighed in the constitutional balance.” (In re Johnson, supra, 62 Cal.2d, at p. 332); “ ‘the court cannot accept a waiver of counsel from anyone accused of a serious . . . offense without first determining that he “understands the nature of the charge, the elements of the offense, the pleas and defenses . . . available, or the punishments . . . exacted.” ’ (In re James (1952) 38 Cal.2d 302, 313 .. . [240 P.2d 596].) [1] Yet James, Chesser, and similar decisions cited hereinabove involved the commission of serious felonies, a fact carefully mentioned in each opinion. Conceivably a somewhat less stringent rule might be constitutionally permissible in misdemeanor cases. . . . We must recognize that the typically crowded arraignment calendars *Supp. 29 of our courts pose urgent problems in the administration of justice in California.” {In re Johnson, supra, 62 Cal.2d, at pp. 335-336.) (Italics added.)
In Argersinger, supra, 407 U.S. 25, the United States Supreme Court rejected a contention that because defendants in petty cases do not have a right to trial by jury they also do not have a right to representation by counsel in such cases. The court pointed out that the issues and procedure in a so-called petty case can be so complicated that a defendant cannot obtain a fair trial without an attorney and that the desirable objective of speed and efficiency in administration of justice may not deprive defendants of the right to counsel. (407 U.S. 33-37 [32 L.Ed.2d 536-539].) Yet it is significant that nevertheless the court stopped short of holding that defendants in all cases, no matter how minor, have a right to counsel and expressly recognized that the right might not exist in minor traffic violations where defendants are not punished by incarceration. As noted above, in California, under present law persons convicted of infractions cannot be so punished.
Historically, the rule that it is necessary for an express and intelligent waiver of counsel to be shown by the record has evolved in judicial opinions deciding cases involving serious felonies or imposition of severe punishment. (Powell v. Alabama (1932) 287 U.S. 45, 64-74 [77 L.Ed. 158, 168, 173, 53 S.Ct. 55, 84 A.L.R. 527] (rape); Gideon v. Wainwright (1963) 372 U.S. 335, 344 [9 L.Ed.2d 799, 805, 83 S.Ct. 792, 93 A.L.R.2d 733] (breaking and entering); Carnley v. Cochran (1962) 369 U.S. 506, 516 [8 L.Ed.2d 70, 77-78, 82 S.Ct. 884] (incest and assault); McNeal v. Culver (1961) 365 U.S. 109, 111 [5 L.Ed.2d445, 447-448, 81 S.Ct. 413] (assaultto murder); Rice v. Olson (1945) 324 U.S. 786, 788 [89 L.Ed. 1367, 1369, 65 S.Ct. 989] (burglary); Johnson v. Zerbst (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357] (counterfeiting).) When the rule has been invoked in misdemeanor cases, the felony cases have been cited for its validity. {Argersinger v. Hamlin (1972) 407 U.S. 25, 30-31 [32 L.Ed.2d 530, 534-535, 92 S.Ct. 2006] (misdemeanor weapon possession); In re Johnson (1965) 62 Cal.2d 325, 335-336 [42 Cal.Rptr. 228, 398 P.2d 420] (traffic violation); Blake v. Municipal Court (1966) 242 Cal.App.2d 731, 735 [51 Cal.Rptr. 771] (traffic violations); In re Smiley (1967) 66 Cal.2d 606, 621 [58 Cal.Rptr. 579, 427 P.2d 179] (unlicensed commission broker).) In re Johnson, supra, expressly recognized that a rule “less stringent” than that applied in felony cases “might be constitutionally permissible in misdemeanor cases.” (62 Cal.2d, at p. 336.)
*Supp. 30 If, as so clearly indicated by the higher courts, there is a class of minor offenses to which the burdensome necessity of express advisement and waiver of right to counsel does not constitutionally apply, the current category of traffic offenses, defined as “infractions” by California statute must fall within that class. The offenses are “petty” rather than “serious” in both degree of culpability and potential punishment involved. The maximum fine of $50 for first offenders or $250 for third and subsequent repeaters could hardly be less without being wholly innocuous. These are offenses for which the accused habitually forfeit bail rather than accept the inconvenience of making a court appearance. The right to counsel in such cases is frequently academic and seldom invoked.
In 1968 the California Legislature implemented the concept of “convenience” in infraction cases by authorizing a person charged with an infraction to enter a not guilty plea by mail, thus avoiding the necessity of appearance by defendant or his counsel for arraignment. This privilege was originally limited to a defendant prosecuted in a court other than in the county of his residence. (Veh. Code, § 40519, Stats. 1968, ch. 1181, § 17, p. 2239.) In 1974 the nonresidence limitation was deleted, extending the privilege of plea by mail to all persons charged with infractions. (Veh. Code, § 40519 as amended, Stats 1974, ch. 1264, § 2, p. 2743.) In 1975 the privilege was further extended by authorizing a person cited for an infraction to give notice of intention to plead not guilty, thereby causing the case to be set for arraignment and trial on the same day. (Veh. Code, § 40519, Stats. 1975, ch. 1257, § 2, p. 3295.) Since its inception in 1968, section 40519 has declared that any person using the procedure thus authorized is deemed to have waived his right to be tried within the “statutory period of time.” Thus, the Legislature has recognized that, as stated in Johnson, supra, 62 Cal.2d 325, 332, “Within the ambit of the constitutional guarantees, ... a certain leeway is permissible in handling these important but essentially preliminary matters.”
Section 40519 of the Vehicle Code has the effect of denying to an infraction defendant who accepts the elided arraignment-trial procedure of that section the benefit of admonition by the court of his right to assistance of counsel in determining the nature of his plea and whether he should waive statutory time for trial. The election to accept the benefit of section 40519 also has the effect of bringing an infraction defendant who has pleaded not guilty or has expressed his intent to plead not guilty into court for the first time on the very day set for his trial. Therefore, there has been no occasion for any admonition, prior to the time for trial, *Supp. 31 of defendant’s right to the assistance of counsel at the trial. It would be unreasonable to attribute to the Legislature the plain intent of saving an infraction defendant the inconvenience of multiple traffic court appearances on the same charge and at the same time attribute to the Legislature the intention that the single appearance of defendant be frustrated if, on the day appointed for trial the case must be continued if the defendant, for the first time, is admonished of his right to have an attorney at the trial and declines to waive that right. Such a contretemps would not only circumvent the apparent legislative purpose of minimizing inconvenience to the defendant, but would stultify the trial setting procedures of the traffic court.
Section 40519 of the Vehicle Code (as originally adopted) was enacted on the same day (Aug. 9, 1968) as the comprehensive legislation creating and defining infractions as a separate category of public offenses. (Stats. 1968, ch. 1192, p. 2254.) This was three and a half years after the California Supreme Court suggested, in Johnson, supra, that “a somewhat less stringent rule [regarding admonition of the right to and waiver of counsel] might be constitutionally permissible in misdemeanor cases” and that “the convenience of the parties and the court should be given considerable weight” (62 Cal.2d, at p. 336). Subsequent to the decision of Johnson, supra, and prior to the enactment of the “infraction” laws referred to above in chapters 1181 and 1192 of the Statutes of 1968, the higher courts of California twice had referred approvingly to the above-quoted language of Johnson regarding amelioration of the strict rules of right to counsel in less serious cases. (See; In re Johnson (1965) 237 Cal.App.2d 463, 468 [47 Cal.Rptr. 17]; In re Smiley (1967) 66 Cal.2d 606, 622 [58 Cal.Rptr. 579, 427 P.2d 179].) The Legislature is presumed to have been familiar with this judicial history when it enacted the 1968 legislation. (Cole v. Rush (1955) 45 Cal.2d 345, 355 [289 P.2d 450, 54 A.L.R.2d 1137] (overruled on other grounds in Vesely v. Sager (1971) 5 Cal.3d 153, 167 [95 Cal.Rptr. 623, 486 P.2d 151]); Buckley v. Chadwick (1955) 45 Cal.2d 183, 200 [288 P.2d 12, 289 P.2d 242].)
Section 19c was added to the Penal Code by section 3 of said chapter 1192 of the 1968 Statutes. (See fns. 1, 2 and 3 above.) It provides that a person charged with an infraction may not be punished by imprisonment, is not'entitled to a jury trial or to counsel at public expense unless he is incarcerated. Section 19d of the Penal Code, next following, was added by section 4 of said chapter 1192. It provides that “Except as otherwise provided by law, all provisions of law relating to misdemeanors shall apply to infractions, including but not limited to powers of *Supp. 32 peace officers, jurisdiction of courts, periods for commencing action and for bringing a cas-e to trial and burden of proof.”
In our opinion, section 19d of the Penal Code does not require that unincarcerated infraction defendants be admonished by the court of their right to privately employed counsel or that an express waiver of that right be obtained if they are not so represented. A misdemeanor defendant who is punishable if convicted, by incarceration, as distinguished from an infraction defendant, must be so admonished; but in light of Johnson, Mills and Argersinger, supra, this is true only because a misdemeanor defendant is punishable by incarceration. Since the considerations of “convenience of the parties and the court,” referred to in Johnson and twice reiterated, as above shown, antedated the adoption of section 19d of the Penal Code, the opening words “except as otherwise provided by law” must have been intended to include the law as thus expressed by our higher courts.
Additionally, the familiar ejusdem generis rule of statutory construction is applicable here. The general words of section 19d, “all provisions of law relating to misdemeanors,” are limited to the kind of “provisions of law” embraced within the particular words “powers of peace officers, jurisdiction of courts, periods for commencing action and for bringing a case to trial and burden of proof.” None of these particular categories has relation to the right of an infraction defendant to be informed of his right to employ private counsel.
In Matter of Petition of Johnson (1914) 167 Cal. 142, 145 [138 P. 740] the rationale of the ejusdem generis rule is thus stated: “[The] rule of construction known as ejusdem generis . . . refer[s] to things of the same general nature as those specified. In such cases the particular words are inserted for the purpose of describing certain species and the general words to include other species of the same genus. The rule is founded upon the reason that if the general words were intended to prevail in their full and unrestricted sense the special words would not be employed by the lawmakers at all.”
Although the general language of section 19d is unlimitedly broad (“including but not limited to”) the appendage of the particular categories (powers of peace officers, jurisdiction of courts, time for prosecution and burden of proof) demonstrates the legislative intent to limit the applicability to infractions of the law of misdemeanors to only those aspects of the administration of justice that deal with the mode of *Supp. 33 arrest and prosecution of persons accused of infractions. If the Legislature had intended to cover in section 19d the requirements of due process of law in the enforcement of infraction laws, it surely would have used more apt language concerning the right to counsel, to be confronted by adverse witnesses and to the aid of judicial process than that employed.
We conclude that by enacting section 40519 of the Vehicle Code the Legislature has, in effect, expressed the view that the right of infraction case defendants to be informed by the court of their right to counsel is not of constitutional dimensions when they avail themselves of the section 40519 privilege of single court appearance.
Is there reason to believe that the right to counsel is of constitutional dimensions when the infraction defendant who does not know of or for some other reason fails to exercise the single-appearance privilege appears for arraignment and pleads not guilty? We perceive none. The infraction defendant who appears in court in obedience to a citation, and pleads not guilty is in no greater need of legal advice than the infraction defendant who, instead of appearing for arraignment, mails his not guilty plea or notice of intent to plead not guilty to the court. If he pleads not guilty he is in exactly the same status as the defendant who pleads by mail.
It is only an infraction defendant who appears for arraignment and pleads guilty or nolo contendere without being advised of his right to counsel at arraignment who can be at any disadvantage. It is theoretically possible for a person of normal faculties, able to understand the language of the written citation and suffering no physical or mental disability, to enter a guilty or nolo plea under such circumstances that, had he been informed by the court of his right to employ an attorney, he might have done so and the attorney might have advanced a successful defense; but the odds against such an event are staggering when the realities of traffic court are considered.
The most aggravated infraction case, where multiple and repeated offenses are charged, could rarely, if ever, involve financial punishment equal to the cost to defendant of employing an attorney. Furthermore, it seems unlikely to the point of practical impossibility that such a case could arise without there being implicit therein some warning signal to the arraignment judge of the existence of such unusual circumstances that admonition to defendant of his right to counsel before plea was *Supp. 34 necessary, We are of the opinion that pragmatic, common sense considerations combine with the repeated suggestions of Johnson, Mills and Argersinger, supra, to support the view that advisement of unincarcerated defendants, charged with infractions, of the right to assistance of counsel, while desirable, is not requisite to due process of law absent a showing of special circumstances[10] that would make the omission unreasonable. A necessary corollary is that no waiver of such right need be shown in á case where the admonition is not required.
We now apply the foregoing rules to the facts of the instant case.
Defendant was charged with violation of section 22348, subdivision (a) of the Vehicle Code (driving 65 miles per hour in a 55-miles-per-hour zone), an infraction.
The record states that defendant was “duly arraigned” and “[informed of his legal and constitutional rights.” He pleaded not guilty, was tried, found guilty and fined $15.50.
The record does not disclose what “legal and constitutional rights” defendant was informed of but inasmuch as defendant pleaded not guilty and was tried, we are not concerned with nonadvisement of his right to confront adverse witnesses or his right against self-incrimination. As hereinabove shown, it was not necessary to advise him of his right to counsel or to obtain a waiver of that right unless special circumstances existed that would make the omission unreasonable. The penalty imposed was minimal and no “special circumstances” are suggested.
The judgment is affirmed.
Marshall, P. J., and Alarcon, J., concurred.

 Assigned by the Chairman of the Judicial Council.

Section 16 of the Penal Code provides: “Crimes and public offenses include: 1. Felonies; 2. Misdemeanors; and 3. Infractions.” Section 40000.1 of the Vehicle Code provides: “Except as otherwise provided in this article, it is unlawful and constitutes an infraction for any person to violate, or fail to comply with any provision of this code, or any local ordinance adopted pursuant to this code.” (Effective May 3, 1972.) Section 19c of the Penal Code provides: “An infraction is not punishable by imprisonment....”

Section 19c of the Penal Code provides: “A person charged with an infraction shall not be entitled to have the public defender or other counsel appointed at public expense to represent him unless he is arrested and not released on his written promise to appear, his own recognizance, or a deposit of bail."

Section 19c of the Penal Code provides: “A person charged with an infraction shall not be entitled to a trial by jury.” (See People v. Oppenheimer (1974) 42 Cal.App.3d Supp. 4 [116 Cal.Rptr. 795].)

Prior to the revision of article I in 1974, section 13 from its adoption in 1879 had declared the right of defendants to representation by counsel.

Each complaint alleged that defendant drove a vehicle knowing that his driver’s license had been revoked, a misdemeanor then and now under section 14601 of the Vehicle Code, plus a number of minor traffic offenses, some of which would be infractions under present law.

The California Constitutional guarantee was, at that time, contained in section 13 of article 1: “In criminal prosecutions, in any court whatever, the party accused shall have the right... to appear and defend, in person and with counsel....”

The court in Johnson held that the severity of the sentence actually imposed (900 days in jail) required a showing of care by the trial court to ascertain if the defendant understood what was at stake and whether he was capable of representing himself under those circumstances. Absent such showing, the case was remanded for further proceedings.

A person who fails to comply with such an order is guilty of a misdemeanor and could be sentenced to jail for that offense.

The language of Justice Powell quoted in the Mills opinion should be read in the context of the entire concurring opinion of Justices Powell and Rehnquist. Although the excerpt quoted in the Mills opinion indicates that Justices Powell and Rehnquist perceived a category of “the most minor traffic violations” in which defense counsel is not constitutionally required, they did not advocate, in that opinion, adoption of a rule drawing such a distinction. Instead, they stated that, in their opinion, the general rule should require defense counsel in all cases, unless waived by the defendant or unless the individual case was of such simple dimensions and of such a petty character as to support a finding by the trial court that defense counsel was not needed. (407 U.S., at pp. 63-66 [32 L.Ed.2d at pp. 553-555].)

Such “special circumstances” would embrace, for example, the imposition of multiple maximum penalties, as in Johnson, supra, or proof of gross physical, linguistic or mental inability of the defendant to represent himself or to understand that he has the right and the means to employ counsel.