Opinion
ALARCON, J.
The defendant entered a plea of nolo contendere to an infraction (unsafe left turn in violation of § 21801, subd. (a) of the Veh. Code) and a misdemeanor (violation of a promise to appear as prohibited by § 40508 of the Veh. Code).
The defendant contends that the judgment must be reversed for the following reasons:
1. In the absence of a stipulation, a defendant’s plea of nolo contendere must be taken by a judge.
2. The record is silent as to whether the defendant waived his right to counsel.
*Supp. 4 3. The record is silent as to whether the defendant waived his rights as required by Boykin-Tahl-Mills. (Boykin v. Alabama (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; In re Tahl (1973) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]; Mills v. Municipal Court (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273].)
We have concluded that a plea of nolo contendere may be accepted by a commissioner in the absence of stipulation permitting him to serve as a temporary judge. We also hold that the Boykin-Tahl-Mills requirements apply to infractions.

Power of a Commissioner to Take a Plea

The defendant stipulated that a commissioner of the municipal court could impose sentence on him. He did not stipulate that a commissioner could accept his plea of nolo contendere. No stipulation was necessary. Section 72401 of the Government Code provides in pertinent part that a commissioner may “. . . With respect to any misdemeanor violation of the Vehicle Code ... arraign the defendant,... take pleas and set cases for . . . trial.” Section 19d of the Penal Code extends all provisions of law relating to misdemeanors to infractions. Furthermore, with respect to infractions, Government Code section 72401, subdivision (c), provides as follows: “With respect to any infraction, he [the traffic referee] may have the same jurisdiction and exercise the same powers and duties as a judge of the court.”

Absence of Express Waiver of Constitutional Rights

In Mills v. Municipal Court (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273], the Supreme Court held that a guilty or nolo contendere plea was invalid in a misdemeanor matter unless there was an explicit “on-the-record” waiver of a defendant’s constitutional rights (10 Cal.3d at pp. 298-302). In Mills the Supreme Court also stated “. . . When a defendant appears in court personally to plead to a misdemeanor offense, the practicalities of the crowded inferior courts will permit some deviation from the strict felony procedure so long as the constitutional rights of defendants are respected.” (10 Cal.3d atp. 307.)
In the matter before us, the docket shows that the defendant was fully advised of each of his constitutional rights. The court read to the defendant a 10-page document entitled “Los Angeles Municipal *Supp. 5 Arraignment Court Statement of Rights.” This document carefully spells out each of the defendant’s rights with commendable clarity.[1]
The record before this court is silent as to whether the defendant waived his right to counsel, to trial by jury, to confrontation, and the privilege against self-incrimination. Instead, the docket reflects that someone drew a line through the printed words “Defendant intelligently and understandingly waives right to counsel.” Therefore, the plea to the misdemeanor charge is invalid under Mills.
We have concluded that the plea to the infraction also must be nullified. The trial court advised the defendant of his right to a speedy and public trial, to confrontation, to the privilege against self-incrimination, and to the assistance of counsel.[2] As noted above, the record is silent as to whether the defendant waived any of these rights.
*Supp. 6 The question of the applicability of Boykin-Tahl-Mills to infractions has not been decided on an appeal challenging the validity of a plea to an infraction on the ground of a silent record as to whether the defendant waived his rights. We are mindful that the Supreme Court stated in- Mills: “Nothing in this opinion is intended to apply to infractions.” (10 Cal.3d at p. 302, fn. 13.) However, this statement cannot be construed as a holding, since Mills did not involve an infraction. Further, in footnote 11 of that opinion, on page 302, the Supreme Court made clear that there is a distinction between a traffic infraction where the person accused wishes to avoid a court appearance by merely forfeiting bail, and one where the accused wishes to appear and enter a formal plea. The court explained: “Our holding that the Boykin-Tahl rule is applicable to misdemeanor guilty pleas in no way implies that such decisions have any application to the termination of criminal proceedings following the forfeiture of bail. In a variety of contexts, most notably minor traffic offenses, a defendant may choose to forfeit bail rather than appear in court, and in such circumstances the trial judge has discretion to declare the bail forfeited and to order that no further proceedings be had in the case [citation]. Although for some purposes such forfeiture of bail operates as a ‘conviction’ and may lead to collateral consequences comparable to a guilty plea [citation] we do not believe that the Boykin decision was intended to have any application to such bail forfeitures. Although even in such cases it might theoretically be desirable to have a defendant advised of the potential consequences of his action, any rule that would require every traffic violator either to appear in court personally or obtain an attorney to appear for him would be significantly more onerous—to both courts and defendants—than could possibly be justified by the benefits obtained. We do not believe constitutional principles require so bizarre a result.” (Italics added.)
It should be noted that the only type of infraction proceeding discussed by the Supreme Court in Mills is that which results in a bail forfeiture. Nothing was said by the Supreme Court in Mills concerning the procedure to be followed where a defendant accused of an infraction chooses to appear in court instead of forfeiting bail.
We believe that section 19d of the Penal Code compels us to apply the Boykin-Tahl-Mills rule to infractions. Penal Code section 19d provides as follows: “Except as otherwise provided by law, all provisions of law relating to misdemeanors shall apply to infractions, including but not limited to powers of peace officers, jurisdiction of courts, periods for commencing action and for bringing a case to trial and burden of proof.”
*Supp. 7 In People v. Prince (1976) 55 Cal.App.3d Supp. 19 [127 Cal.Rptr. 296] this court construed the term “law” as used in section 19d as embracing decisions of our appellate courts. This construction is consistent with the definition of the term “law” expressed in section 160 of the Evidence Code.[3] Our Supreme Court has also used the word “law” as including its awn decisions and those of the United States Supreme Court. For example, in People v. Ibarra (1963) 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487], in discussing the vicarious exclusionary rule (which was adopted in People v. Martin (1955) 45 Cal.2d 755 [290 P.2d 855]), the court stated: “It is counsel’s duty to investigate carefully all defenses of fact and of law that may be available to the defendant, and if his failure to do so results in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled.” (Italics added.) (60 Cal.2d at p. 464.) Black’s Law Dictionary (4th rev. ed.) page 1029, states that “. . . ‘law’ is derived either from judicial precedent, from legislation, or from custom.”
In section 19d of the Penal Code the Legislature expressly extended “all provisions of law” available in misdemeanor matters to infractions. By using this language, the Legislature must have intended not to deny traffic offenders the procedural due process rights they previously enjoyed when such offenses were misdemeanors.
The only constitutional rights denied to an infractor are set forth in section 19c of the Penal Code.[4] It is our view that by expressly enumerating these exceptions the Legislature intended to leave untrammeled the remaining rights afforded to defendants in criminal prosecutions.[5]
We are mindful of the importance of avoiding the imposition of further burdens on the work of traffic arraignment judges, especially *Supp. 8 those who toil in our metropolitan courts. However, the decision we reach in this matter, extending Boykin-Tahl-Mills to infraction matters, need not be onerous. A practical solution to the requirement of an express waiver found acceptable in misdemeanor matters in Hartman v. Municipal Court (1973) 35 Cal.App.3d 891 [111 Cal.Rptr. 126], could readily be adapted for infraction arraignments. In Hartman the Court of Appeal held that the requirement of an “on-the-record” admonition and waiver of the rights spelled out in the Boykin-Tahl decisions could be satisfied in misdemeanor proceedings by “collective advice,” in a mass arraignment, where the court informed the defendants that the entry of a plea of guilty would be construed as a waiver of the right to a trial by juiy, a waiver of the right to confrontation, and a waiver of the privilege against self-in crimination. (35 Cal.App.3d at p. 893.) As noted above, the Municipal Court for the Los Angeles Judicial District conducts mass arraignments in traffic court, utilizing a 10-page statement of rights. The addition of one more sentence, which states that a plea of guilty or nolo contendere will be considered a waiver of the enumerated rights, will add only a few seconds to that court’s present responsibilities. The practical impact of this decision even on our largest trial courts will be miniscule. Yet these few words will insure respect for each defendant’s constitutional rights.

Conclusion

We reverse the judgment as to the misdemeanor because there was no “on-the-record” waiver of the defendant’s constitutional rights, nor an admonition that a plea of nolo contendere would be construed as a waiver. We reverse the judgment as to the infraction for the same reasons, because we believe that section 19d of the Penal Code requires us to extend the Boykin-Tahl-Mills rule to infractions.
Cole, P. J., and Thomas, J.,* concurred.

 With regard to misdemeanors, the statement of rights provides as follows:
“For those of you charged with misdemeanors you have the following Constitutionally protected and guaranteed rights:
“You have the right to a trial before a jury of 12 citizens. If you wish, and with the consent of the People you may waived your right to a jury trial and have your case tried by a judge sitting alone without a jury.
“At your trial, you have a right to be confronted by the witnesses against you and you have the right to cross-examine those witnesses. You are entitled to the services of this Court to subpoena witnesses on your own behalf, without any cost to you. You cannot be compelled to be a witness against yourself, the burden is upon the prosecution to prove your guilt beyond a reasonable doubt. You are not required to prove or demonstrate your own innocence, you are presumed to be innocent until proven guilty beyond a reasonable doubt by the State. At your trial, you have the right to remain silent but you may give up that right and testify in your own behalf if you so desire.
“Further, you have the right to be represented by an attorney at every stage of these proceedings including this arraignment. If you want time to consult with an attorney before you enter your plea, you should so advise the Court and you will be granted a brief continuance for that purpose. If you desire to consult with an attorney and you do not have money to hire private counsel, the Court will, upon your request, appoint the Public Defender to represent you."

With regard to infractions, the statement of rights provides:
“If you are charged with an Infraction you have the following rights:
“You are entitled to a speedy and public trial. This means that you are entitled to be tried within 45 days of this arraignment unless you give up that right at some stage of your case and wish a reasonable continuance.
“You have the right to assistance of this Court to compel attendance of witnesses for you and you are entitled to confront and cross-examine all witnesses who testify against you.
“You cannot be made a witness in your case without your consent.
“You are entitled to the assistance of an attorney at every stage of your case—including this arraignment. If you want time to talk to a lawyer before entering your plea now, you may have a brief continuance. In Infraction cases pursuant to California Penal Code Section 19, you DO NOT have the right to a jury trial and you DO NOT have the right to have the Public Defender appointed.”

 Section 160 provides as follows: “ ‘Law’ includes constitutional, statutory, and decisional law.”

 Section 19c provides as follows: “An infraction is not punishable by imprisonment. A person charged with an infraction shall not be entitled to a trial by jury. A person charged with an infraction shall not be entitled to have the public defender or other counsel appointed at public expense to represent him unless he is arrested and not released on his written promise to appear, his own recognizance, or a deposit of bail.”

 We recognize that there is language in Prince (People v. Prince (1976) 55 Cal.App.3d Supp. 19 at pp. 32-33 [127 Cal.Rptr. 296]) which appears inconsistent with this opinion. However, the only issue before this court in Prince was the requirement of an admonition of the right to counsel in infraction cases. The comments concerning Penal Code section 19d, insofar as they might be construed to relate to rights other than the right to counsel, were unnecessary to the decision of the court.

Assigned by the Chairman of the Judicial Council.