Opinion
DODDS, J.
In 1979, appellant was cited for three speeding violations, including one where she was charged with going 80 miles per hour in a 55-mile-per-hour zone. The defendant initially failed to appear for any of these violations. However, on January 14, 1980, January 21, 1980, and October 10, 1980, respectively, she did appear and plead guilty to the three violations. Thereafter, on December 24, 1980, when she was cited for traveling 90 miles per hour in a 55-mile-per-hour zone, she was charged with a misdemeanor as she had three prior convictions for speeding offenses within the previous 12 months (Veh. Code, § 40000.28).
Appellant’s motion to strike the three prior infractions for speeding was denied. Thereafter she entered a plea of guilty and admitted the priors. She was admitted to probation on condition that she spend five days in jail, pay a fine of $325 and that her driving privilege be suspended for thirty days. (The jail time was suspended pending appeal.)
*Supp. 13 Discussion
I
Appellant contends the failure of the court record to affirmatively indicate the advisement and waiver of constitutional rights invalidates a prior infraction conviction. In Mills v. Municipal Court (1973) 10 Cal.3d 288, 302, footnotes 11 and 13 [110 Cal.Rptr. 329, 515 P.2d 273], our Supreme Court made it clear that Boykin-Tahl[1] rules did not apply to infractions or bail forfeitures.
Relying in part on Mills, the Appellate Department of the Los Angeles Superior Court in People v. Prince (1976) 55 Cal.App.3d Supp. 19 [127 Cal.Rptr. 296], concluded that a defendant who appeared to challenge a speeding citation need not be advised of his right to retain private counsel. The court noted that a party charged with an infraction does not have the right to a jury trial or to have counsel appointed at public expense, unless he is arrested and is not released (Pen. Code, § 19c). The court also noted that the Legislature also allowed a person charged with an infraction to indicate his intent to plead not guilty by mail, so that the arraignment and trial could be set on the same date (Veh. Code, § 40519). If the defendant had to appear and be arraigned on an earlier date, the intent of the Legislature would be frustrated.
However, in People v. Miner (1977) 68 Cal.App.3d Supp. 1 [137 Cal.Rptr. 149], the Appellate Department of the Los Angeles Superior Court, notwithstanding the language in the two footnotes found in Mills, supra, 10 Cal.3d 288, and in People v. Prince, supra, 55 Cal.App.3d Supp. 19, concluded that Boykin-Tahl rules applied to infractions, and that a conviction was invalid where the docket failed to show that the accused waived his right to counsel, to confront and cross-examine witnesses, and the privilege against self incrimination.
People v. Miner, supra, has never subsequently been cited with approval by any higher court. Indeed, our Supreme Court in a unanimous decision has emphasized that simplified and expeditious procedures for the adjudication of infractions may be provided (People v. Carlucci (1979) 23 Cal.3d 249, 257 [152 Cal.Rptr. 439, 590 P.2d 15], and that courts handling infraction cases are exempted from the rules requiring *Supp. 14 an “on the record” waiver of constitutional rights as prerequisite to a valid guilty plea (In re Kathy P. (1979) 25 Cal.3d 91 [157 Cal.Rptr. 874, 599 P.2d 65]).
The Kathy P. court specifically held, citing People v. Prince, supra, 55 Cal.App.3d Supp. 19, that due process does not require advisement of the right to áppear by retained counsel when there was no special circumstances making omission of the advice unreasonable, and also held that the party appealing from an infraction must show prejudicial error (In re Kathy P., supra, 25 Cal.3d 91, 103). Although People v. Miner, supra, 68 Cal.App.3d Supp. 1 was not specifically disapproved, the language of the opinion indicates that it was at odds with what had been said in Mills (In re Kathy P., supra, 25 Cal.3d 91, 98, fn. 7).
While the precise issue before the court in Mills was whether Boy-kin-Tahl rules were applicable to misdemeanors, and not whether it applied to infractions, and the Kathy P. court dealt with the advice concerning retained counsel and not to the other rights necessarily waived by an entry of guilty plea, this dicta is highly persuasive where the court has considered the issue and deliberately made pronouncements for the guidance of lower courts (County of Fresno v. Superior Court (1978) 82 Cal.App.3d 191, 194 [146 Cal.Rptr. 880]).
Although a person charged with an infraction must be advised of his right to appointed counsel if he is in custody, and not released (Pen. Code, § 19c), and it may be desirable to advise all persons charged with infractions of their right to have retained counsel, a conviction will not be reversed merely because the record is silent as to whether such advice was given (In re Kathy P., supra, 25 Cal.3d 91, 103). In light of Mills and Kathy P., we conclude that except in cases governed by Vehicle Code section 40901, subdivision (c), which requires a specific advice and waiver of rights, the failure of the record to reveal that the accused was advised of his privilege against self incrimination and the right to confront and cross-examine witnesses will not invalidate the ensuing conviction.
II
Appellant also contends that although she received three citations in 1979, since she was not convicted by her guilty pleas until 1980; the trial court was mandated to strike the priors because she had not received any citation in 1980 except the December 24, 1980 offense.
*Supp. 15 Vehicle Code section 40000.28 is plain and unambiguous. It relates to the date of the conviction, not of the offense. Appellant’s election to disregard the citations until 1980 caused her dilemma. Appellant’s contention is, therefore, without merit. She had three convictions within 12 months of December 24, 1980.
Disposition
The order on probation is affirmed.
Joyce Wynn Pickett is directed to be present in the Municipal Court for the Santa Maria Judicial District on November 10, 1981, at 8:30 a.m. in Judge Jennings courtroom for further proceedings.
Stevens, P. J., and Rickard, J., concurred.

Boykin v. Alabama (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; In re Tahl (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].