[Crim. No. 43194. Second Dist., Div. One. Jan. 25, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
THEODORE B. MATTHEWS, Defendant and Appellant.

COUNSEL

Theodore B. Matthews, in pro. per., for Defendant and Appellant.

Ira Reiner, City Attorney, Jack L. Brown and Katherine J. Hamilton, Deputy City Attorneys, and Bruce S. Bolger for Plaintiff and Respondent.

OPINION

SPENCER, P. J.—

## INTRODUCTION

Theodore B. Matthews appeals from a judgment of conviction entered after a court trial in which he was found guilty of violating Vehicle Code section 21658, subdivision (a), unsafe lane change, an infraction.

## STATEMENT OF FACTS

Defendant, a motor coach operator employed by the Southern California Rapid Transit District (RTD), was cited for an unsafe lane change, a violation of Vehicle Code section 21658, subdivision (a), on July 2, 1981, while operating a coach owned by the RTD; he was directed to appear for arraignment at a session of the municipal court at some time before July 30, 1981.

On July 27, 1981, defendant appeared for arraignment; prior to any case being called, a prepared text was read advising all persons present of their constitutional rights.[1]

When his citation was called, defendant was advised of the charge against him; however, the record is silent as to whether he voluntarily or knowingly waived his constitutional rights. Subsequent to his entry of a guilty plea, the defendant was fined $10 plus penalty assessment.

Defendant appealed to the Appellate Department of the Los Angeles Superior Court; on August 24, 1982, that court filed an opinion in which the judgment of conviction was reversed.

On September 20, 1982, this court ordered the matter transferred to it for hearing and decision in order to secure uniformity of decision and to settle important questions of law pursuant to rule 62(a) of the California Rules of Court.

---

[1]Each defendant was advised of the following rights:

"1. You have the right to be represented by an attorney at all stages of the proceedings, including your appearance tonight. You do not have the right to a court-appointed attorney or Public Defender unless you are charged with a misdemeanor offense. If you are charged with a misdemeanor and desire the services of an attorney but are unable to afford one, the Court will appoint one to represent you. However, the law requires that at the conclusion of your case that a hearing must be held to determine your ability, if any, to pay for all or part of the services of the court-appointed attorney.

"2. You have the right to a speedy and public trial. You have the right to have your trial within 45 days from the date of your arraignment. If you are charged with a misdemeanor, you have the right to a jury or court trial. If you are charged with an infraction, you only have the right to a court trial.

"3. You have the right to confront and cross-examine the witnesses against you.

"4. You have the right to use the subpoena power of the Court without cost to compel the attendance of witnesses who could testify on your behalf.

"5. You have the right against self-incrimination; you cannot be compelled to testify and no adverse inference can be drawn from your silence.

"6. You have the right to be released on reasonable bail while awaiting trial.

"7. You also have the right to represent yourself.

"8. If you are not a citizen and charged with a misdemeanor, a guilty plea may result in your being deported, denied admission or naturalization pursuant to the laws of the United States."

## CONTENTION

For the following reasons, defendant contends that the trial court's verdict is erroneous:

1. The vehicle which he was driving did not belong to him, and

2. The vehicle had been issued to him by his employer on the morning of July 2, 1981, with certification that a defective left turn signal had been repaired during the night.

## DISCUSSION

 In that judgment was entered on a plea of guilty, we are unable to address the merits of defendant's contention; however, we are entitled to determine whether there were any irregularities involving jurisdiction or the legality of the proceedings. (*People* v. *Laudermilk* (1967) 67 Cal.2d 272 [61 Cal.Rptr. 644, 431 P.2d 228].)

 Although the record reveals that defendant was fully advised of his constitutional rights, it is silent as to whether he waived those rights. In that the question presented herein has appeared before the superior courts of this appellate district with variant results, we welcome this opportunity to decide whether a guilty plea offered in an infraction proceeding is valid without an explicit "on-the-record" waiver of a defendant's constitutional rights. For the reasons explicated below, we hold that it is not.

In 1968, the United State Supreme Court ruled that the entry of a guilty plea in a felony proceeding required a knowing and intelligent affirmance. (*Boykin* v. *Alabama* (1968) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709].) The court stressed the importance of obtaining a knowing and voluntary waiver of constitutional rights by noting that a guilty plea is more than a confession; a guilty plea is actually a conviction. (*Id.*, p. 242 [23 L.Ed.2d at p. 279].)

In a felony matter heard the following year, the California Supreme Court determined the standard by which a waiver of *Boykin* constitutional rights was to be judged: the record must indicate not only a freely and intelligently given waiver, but an understanding of the nature and consequences of the plea as well. (*In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].)

*Boykin-Tahl* requirements were then extended to misdemeanor proceedings involving pleas of guilty and nolo contendere. (*Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273].) The *Mills* court reasoned that a defendant who so pleads relinquishes the right to confront accusers and

the privilege against self-incrimination in the same manner as does a felony defendant. The *Mills* court specified, however, that the application of the *Boykin-Tahl* doctrine did not require the identical procedures in misdemeanor cases as were required in felony proceedings; a misdemeanor defendant who had personally completed and signed an adequate waiver form could plead guilty through counsel if counsel affirmed that the defendant had been informed of the constitutional rights to be waived and that the client had knowingly and voluntarily waived them. The court specifically noted that ". . . *Boykin* and *Tahl* are aimed at insuring that a defendant is aware of the rights he is waiving by pleading guilty, it is reasonable that *those cases should apply to all proceedings in which the rights to be waived are applicable.*" (*Id.*, at p. 300; italics added.)

Thus, the *Mills* court clearly established the applicability of the *Boykin-Tahl* doctrine in infraction cases in that a defendant who pleads guilty to an infraction waives both the right to confront his accusers and the privilege against self-incrimination.

Neither footnote 11[2] nor 13[3] in *Mills* convinces us otherwise. Footnote 11 merely exempts from *Boykin-Tahl* requirements those criminal proceedings which terminate following the forfeiture of bail. Logic dictates such a ruling in that the defendant who chooses not to appear obviously relinquishes the right to retain counsel, the right to confront witnesses and the privilege against self-incrimination. Such reasoning, however, is inapplicable to the infraction defendant who chooses to appear in court and who might well choose to confront witnesses or remain silent.

Furthermore, the *Mills* court's empathy toward extending *Boykin-Tahl* requirements is evidenced by its statement that even in cases where the defendant forfeits bail and fails to appear, "it might theoretically be desirable to have a

[2]Footnote 11 states: "Our holding that the *Boykin-Tahl* rule is applicable to misdemeanor guilty pleas in no way implies that such decisions have any application to the termination of criminal proceedings following the forfeiture of bail. In a variety of contexts, most notably minor traffic offenses, a defendant may choose to forfeit bail rather than appear in court, and in such circumstances the trial judge has discretion to declare the bail forfeited and to order that no further proceedings be had in the case. [Citations.] Although for some purposes such forfeiture of bail operates as a 'conviction' and may lead to collateral consequences comparable to a guilty plea [citation], we do not believe that the *Boykin* decision was intended to have any application to such bail forfeitures. Although even in such cases it might theoretically be desirable to have a defendant advised of the potential consequences of his action, any rule that would require every traffic violator either to appear in court personally or obtain an attorney to appear for him would be significantly more onerous—to both courts and defendants—than could possibly be justified by the benefits obtained. We do not believe constitutional principles require so bizarre a result. [Citation.]"

[3]Footnote 13 states: "The Legislature has specifically provided for different procedures in infraction cases, in which incarceration is not an applicable sanction. Misdemeanor procedures apply except that there is no right to jury trial or right to appointed counsel. [Citations.] Nothing in this opinion is intended to apply to infractions."

defendant advised of the potential consequences of his action, . . . ."[4] Thus, *Boykin-Tahl* requirements are theoretically desirable where bail is forfeited; where bail is not forfeited and the defendant is present in court, however, the desirability of *Boykin-Tahl* requirements is manifest, not simply theoretical.

Footnote 13 further supports our conclusion in that it cites Penal Code sections 19c and 19d to illustrate the Legislature's intent that procedures differ in infraction and misdemeanor cases; section 19d provides, "Except as otherwise provided by law, all provisions of law relating to misdemeanors shall apply to infractions, . . ." Thus, although section 19c expresses the Legislature's intent that an infraction defendant is not entitled to the right to a public defender or a jury trial, section 19d clearly establishes the Legislature's intent that constitutional rights and privileges other than those specified in 19c do apply to infractions. As we have previously established, the infraction defendant who appears in court is entitled to confront his accusers and enjoys the privilege against self-incrimination. In that the Legislature has not expressly denied the applicability of this right and privilege to infraction defendants, despite the fact that section 19c demonstrates the Legislature's purposeful deliberation concerning which rights were inapplicable to infraction defendants, we can only interpret section 19d as conferring *Boykin-Tahl-Mills* requirements on infraction proceedings as the *Boykin-Tahl-Mills* doctrine certainly comes within "provisions of law relating to misdemeanors." (Pen. Code, § 19d.)

Furthermore, we cannot interpret the final line of footnote 13, "[n]othing in this opinion is intended to apply to infractions," in accord with the meaning proffered by the People. The *Mills* court's caveat merely establishes that the applicability of the *Boykin-Tahl-Mills* doctrine to infraction proceedings is neither addressed nor settled by their opinion; thus, the *Mills* decision cannot be read as holding that there is no requirement of a knowing and intelligent on-the-record waiver in infraction proceedings.

Further evidence of the Legislature's intent that *Boykin-Tahl-Mills* rules apply to traffic infractions is found in the provisions of Vehicle Code section 40901, effective January 1, 1977, which permits courts to adopt local rules for the trial of alleged infractions. Subdivision (c)[5] clearly requires that the court

---

[4]Although theoretically desirable, the court ruled that such a result would be onerous in that it would require a defendant who had chosen not to appear in court to do so.

[5]Vehicle Code section 40901, subdivision (c) provides: "Prior to the entry of a waiver of constitutional right pursuant to any rules adopted under this section, the court shall inform the defendant in writing of the nature of the proceedings and of his right to confront and cross-examine witnesses, to subpoena witnesses on his behalf, and to hire counsel at his own expense. The court shall ascertain that the defendant knowingly and voluntarily waives his right to be confronted by the witnesses against him, to subpoena witnesses in his behalf, and to hire counsel on his behalf before proceeding."

"ascertain that the defendant knowingly and voluntarily" waived his rights "[p]rior to the entry of a waiver of constitutional rights pursuant to any rules adopted under this section." Thus the Legislature expressed its intention that the requirement of a knowing and voluntary waiver of constitutional rights applies even to processes adopted by local court rules, for any one of such processes is capable of threatening constitutionally guaranteed rights. We may infer from the Legislature's express concern with local rules a similar concern warranting the application of *Boykin-Tahl-Mills* requirements to the general processing of traffic infractions.

The specific question we address herein has been addressed with variant results in the Appellate Department of the Los Angeles and Santa Barbara Superior Courts. In *People* v. *Miner* (1977) 68 Cal.App.3d Supp. 1 [137 Cal.Rptr. 149], the court held that *Boykin-Tahl-Mills* requirements apply to infractions; the opposite result was reached in *People* v. *Pickett* (1981) 128 Cal.App.3d Supp. 11 [181 Cal.Rptr. 97]. The People seek disapproval of *People* v. *Miner* citing *In re Kathy P.* (1979) 25 Cal.3d 91 [157 Cal.Rptr. 874, 599 P.2d 65] to establish the Supreme Court's interpretation of *Mills* as exempting infractions from the requirement of an on-the-record waiver of rights prior to a guilty plea.

*Kathy P.* held that a minor need not be advised of the right to retained counsel in juvenile infraction matters. This holding alone does not negate our conclusion in that the right to retained counsel is not in question in the instant inquiry; rather, we are concerned with the right of confrontation and the privilege against self-incrimination, neither of which were addressed by the *Kathy P.* court.

The People also direct our attention to the *Kathy P.* court's citation of *Mills* as an example of the Supreme Court's approval of the summary handling of infraction cases. In view of footnote 7 in *Kathy P.*,[6] consisting of dictum to the contrary of the inference raised by the People, we cannot agree that the *Kathy P.* court was interpreting *Mills* to stand for the proposition that the requirement of an " 'on-the-record' waiver of constitutional rights as [a] prerequisite to [a] guilty plea" was inapplicable in infraction cases, for if such were its intention, the *Kathy P.* court could simply have overruled *People* v. *Miner, supra,* 68 Cal.App.3d Supp. 1.

---

[6]Footnote 7 states, "But see *People* v. *Miner* [citation], holding *Mills* requirement applicable to personally entered pleas in infraction cases."

In that our review of the applicable law establishes that *People* v. *Miner, supra,* 68 Cal.App.3d Supp. 1 contains a correct exposition of the law, we disapprove the conclusion reached in *People* v. *Pickett, supra,* 128 Cal.App.3d Supp. 11 and note that *Pickett* is based on an erroneous interpretation of the *Mills* decision. In *Pickett,* the court stated, "In *Mills* v. *Municipal Court* [citation], our Supreme Court made it clear that *Boykin-Tahl* rules did not apply to infractions or bail forfeitures." (*Id.,* at p. 13.)

As we have explained, the *Mills* court did preclude the applicability of the *Boykin-Tahl* doctrine to bail forfeitures; the decision specifically stated, however, that "[n]othing in this opinion is intended to apply to infractions" (*Mills* v. *Municipal Court, supra,* 10 Cal.3d 288, 302), therefore, aside from the court's directive with respect to bail forfeitures, no inferences can be drawn concerning their opinion on the applicability of *Boykin-Tahl-Mills* requirements to infractions.

Although our decision mandates an on-the-record, knowing, intelligent, and voluntary waiver of constitutional rights before the entry of a plea of guilty or nolo contendere, we recognize along with the People the need for ". . . flexible procedures, which take into account the realities of the crowded dockets of municipal courts . . . ." (*Mills* v. *Municipal Court, supra,* 10 Cal.3d 288, 292.) Therefore, we echo the *Mills* court by noting that the application of the *Boykin-Tahl-Mills* doctrine in infraction proceedings need not take the identical form required in felony or misdemeanor proceedings so long as the applicable constitutional rights are not sacrificed; swift disposition is the principal purpose for the infraction classification. (*In re Dennis B.* (1976) 18 Cal.3d 687 [135 Cal.Rptr. 82, 557 P.2d 514]; *People* v. *Carlucci* (1979) 23 Cal.3d 249 [152 Cal.Rptr. 439, 590 P.2d 15].)

Our decision need not be onerous; rather, as was noted in *People* v. *Miner, supra,* 68 Cal.App.3d Supp. 1, 8, the addition of one sentence in the defendant's advisement of rights, informing the defendant that a plea of guilty or nolo contendere would waive the right to confrontation and the privilege against self-incrimination, will satisfy the *Boykin-Tahl-Mills* requirement of an on-the-record admonition and waiver of rights and will add but a few seconds to the court's agenda.

■ With the exception of the instant appeal, our holding applies to future infraction proceedings (*People* v. *Bustamonte* (1981) 30 Cal.3d 88 [177 Cal. Rptr. 576, 634 P.2d 927]), and operates prospectively only upon this opinion becoming final.

The judgment is reversed.

Hanson (Thaxton), J., and Reese, J.,* concurred.

A petition for a rehearing was denied February 23, 1983, and respondent's petition for a hearing by the Supreme Court was denied March 23, 1983. Grodin, J., was of the opinion that the petition should be granted.

*Assigned by the Chairperson of the Judicial Council.