[Crim. No. 34935. Second Dist., Div. Five. Sept. 13, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
ALLEN A. KRISS, Defendant and Appellant.

[And 9 other cases.]*

---

*People v. Biazar; People v. Pearson; People v. Risk; People v. Maffett; People v. Mower; People v. Scott; People v. Jordan; People v. Gaete.

## COUNSEL

Allen A. Kriss, Mohamad Biazar, David B. Pearson, David Risk, James G. Maffett, Evan S. Mower, E. I. Eugene Scott, Marcel Jordan and Robert F. Gaete, in pro. per., for Defendants and Appellants.

Burt Pines, City Attorney, Rand Schrader, Michael P. Alcantar, Jane Simkin Smith, Mark L. Brown and Mark A. Rosenbaum, Deputy City Attorneys, for Plaintiff and Respondent.

## OPINION

**STEPHENS, Acting P. J.**—The above cases, involving various traffic infractions, were consolidated for decision by the Appellate Department of the Los Angeles County Superior Court. We ordered them transferred here pursuant to rule 62(a) of the California Rules of Court.

After reviewing the records on appeal and listening to oral argument* we have concluded that the majority opinion of the appellate department, authored by Judge Saeta and concurred in by Presiding Judge Cole, correctly resolved the issues. We therefore adopt said majority opinion in toto:†

Each of the above cases presents a common issue for decision. The records of the proceedings as supplemented at argument show that in these infraction cases the following procedure was followed at trial: the defendants were generally advised of the judicial officer's procedure of writing down the testimony, submitting the matter and ruling on guilt or innocence at the end of the day on all cases; the defendants at the conclusion of testimony were told to, and did, give the clerk or bailiff self-addressed post cards for receipt of the court's decision; the adjudication of guilt and the imposition of sentence were performed out of the presence of the defendant; and the decision and judgment (forfeiture of the previously posted bail) were mailed to the defendant. In some cases the post card was received up to a month after the hearing; in other cases no post card was received but the defendant determined the outcome of the trial by repeated inquiries to the clerk. The common question

---

*Appellants Kriss, Risk and Pearson appeared for oral argument, as did the People.

†Quotation marks are omitted except as they may appear in said quoted opinion.

presented by these appeals is whether such procedure passes constitutional and statutory muster. We hold that it does not.

■ The right of the accused to be present at all stages of the proceeding is grounded on article I, section 15 (formerly § 13) of the California Constitution: "The defendant in a criminal cause has the right . . . to be personally present with counsel . . . ."[1] In a misdemeanor proceeding,[2] the defendant has a statutory right to be absent under the Penal Code. This is explained in *People* v. *Semecal* (1968) 264 Cal.App.2d Supp. 985 [69 Cal.Rptr. 761] in the following language:

"While that basic and fundamental right to appear and defend flows from the Constitution, there is no reciprocal constitutional authority to be absent. The right of absence, if there be such right, is derived from the Legislature . . . . [I]t is clear that the Legislature has confirmed the constitutional right to be present. On the subject of absence, however, the Legislature has made a distinction apparently based on a public policy consideration. It has said that where the charge amounts to a felony, the defendant must be present at all stages of the trial . . . . [A]n alleged misdemeanant has been placed in a separate procedural category. It is quite clear that the Legislature weighed the possible burden upon the defendant charged with a lesser crime, were he absolutely required to appear, as opposed to the possible good to be derived from his appearance. As to him, if he desires, it has said that the trial may proceed in his absence.

"The right to be absent, however, has been made conditional. It must be shown that 'he absents himself with full knowledge that a trial is to be or is being had.' " (264 Cal.App.2d Supp. at p. 990.) *Semecal* arose under a former wording of the predecessor to the California Constitution, article I, section 15 which provided that "the party accused shall have the right . . . to appear and defend, in person and with counsel" but we do not detect any difference in substance between the two wordings of the Constitution. As with other constitutional rights, "Waiver of such rights cannot be lightly constructed: it can be granted only knowingly and intelligently;" (*In re Klein* (1961) 197 Cal.App.2d 58, 59 [17 Cal.Rptr. 71]). "Courts indulge in every reasonable presumption against waiver of

---

[1]Normally, a defendant in an infraction case has no right to publicly provided counsel. (*People* v. *Prince* (1976) 55 Cal.App.3d Supp. 19, 34 [127 Cal.Rptr. 296].) However, he must be informed of his right to the aid of counsel in every stage of the proceedings. Penal Code section 858.

[2]Under Penal Code section 19d "[e]xcept as otherwise provided by law, all provisions of law relating to misdemeanors shall apply to infractions. . . ."

fundamental rights and do not presume acquiescence in the loss of fundamental rights. *Johnson* v. *Zerbst* (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357]." (*People* v. *Semecal, supra,* 264 Cal.App.2d Supp. at p. 991.)

█ In misdemeanor and, hence, infraction proceedings defendants, if they so desire, may appear solely by counsel pursuant to Penal Code section 977, subdivision (a).[3] However, the court must be certain that the acts of counsel are authorized by the defendant. (*Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273].) In the cases under consideration, as must be true of the overwhelming number of traffic infraction cases, the defendants were unrepresented at any stage of the proceedings.

### ABSENCE AT THE ADJUDICATION OF GUILT

There is no Penal Code provision providing for the absence of the defendant at the adjudication of his guilt. Section 1167 provides that "When a jury trial is waived, the judge . . . shall, at the conclusion [of the trial], announce his findings upon the issues of fact . . . ." No jury trial is allowed for infraction cases. (*People* v. *Oppenheimer* (1974) 42 Cal.App.3d Supp. 4 [116 Cal.Rptr. 795].) In contrast, section 1148 specifically allows a verdict to be rendered by a jury in the defendant's absence. In a jury trial, the jury's verdict is rendered in open court pursuant to section 1149. Thus we feel it reasonable to construe the "announcement" requirement of section 1167 to require the judge's finding to be made in open court. *People* v. *Flores* (1974) 12 Cal.3d 85, 94 [115 Cal.Rptr. 225, 524 P.2d 353], one of the few cases construing section 1167, allows such an announcement to be made at the conclusion of the trial or at a subsequent probation hearing.

The code provisions providing for the absence of the misdemeanant defendant are most particularly spelled out in section 1043. This section has been amended many times. Commencing in 1951, the Legislature provided for the trial to proceed in defendant's absence if he absents himself with full knowledge of the trial. The present formulation of this concept is as follows:

"(e) If the defendant in a misdemeanor case fails to appear in person at the time set for trial or during the course of trial, the court shall

---

[3]All further statutory references are to the Penal Code.

proceed with the trial, unless good cause for a continuance exists, if the defendant has authorized his counsel to proceed in his absence pursuant to subdivision (a) of Section 977.

"If there is no authorization pursuant to subdivision (a) of Section 977 and if the defendant fails to appear in person at the time set for trial or during the course of trial, the court, in its discretion, may do one or more of the following, as it deems appropriate:

"(1) Continue the matter.

"(2) Order bail forfeited or revoke release on the defendant's own recognizance.

"(3) Issue a bench warrant.

"(4) Proceed with the trial if the court finds the defendant has absented himself voluntarily with full knowledge that the trial is to be held or is being held.

"Nothing herein shall limit the right of the court to order the defendant to be personally present at the trial for purposes of identification unless counsel stipulate to the issue of identity." Section 1043 is in harmony with California Constitution, article I, section 15 by providing for a voluntary absence from the proceedings with full knowledge that the trial is being held.

### ABSENCE AT SENTENCING

Section 1193, subdivision 2 provides as follows: "If the conviction be of a misdemeanor, judgment may be pronounced against the defendant in his absence." In *In re Baird* (1957) 150 Cal.App.2d 561 [310 P.2d 454, 68 A.L.R.2d 628] the court found no error in a trial proceeding in defendant's absence as the defendant had written the court prior to trial stating that he would not appear. The court found the 1951 version of section 1043 allowed the trial to proceed in the defendant's absence. While the court made a passing reference to sections 1148 (defendant Baird was tried in absentia by a jury) and 1193, the Court of Appeal in *In re Klein* (1961) 197 Cal.App.2d 58 [17 Cal.Rptr. 71] in footnote 2 on page 64 pointed out that the defendant in *Baird* was present (and with counsel) at the time of sentencing.

Section 1449 provides for the pronouncement of judgment no less than six hours and no more than five days after verdict or plea of guilty unless the defendant waives the postponement. Failure to obtain such waiver was declared error in *In re Elsholz* (1964) 228 Cal.App.2d 192 [39 Cal.Rptr. 356]. No such waiver appears to have been given in the cases under consideration and the records do not reveal whether or not the judicial officer imposed judgment within the required time period.

█ Statutes are presumed to be constitutional, and should, if possible, be construed together with constitutional provisions so as to be upheld as valid. (*People* v. *Globe Grain & Mill. Co.* (1930) 211 Cal. 121, 127 [294 P. 3].) █ In addition, it is a well-known principle of statutory construction that "statutes relating to the same subject matter are to be construed together and harmonized if possible." (*County of Placer* v. *Aetna Cas. etc. Co.* (1958) 50 Cal.2d 182, 188-189 [323 P.2d 753].)

█ The statutes discussed above (§§ 977; 1043, subd. (e); 1148; 1167; 1193, subd. 2; and 1449) may be harmonized with the provisions of the Constitution by holding, as we now hold, that the defendant may be absent when the court adjudicates guilt and sentences in a misdemeanor or infraction proceeding if (1) he is represented by counsel, *or* (2) he knowingly and intelligently waives his right to be present. Such a construction satisfies due process, the constitutional provision and all the statutes recited.[4]

The People cite several cases on the above issues but none appears persuasive. *People* v. *Giles* (1945) 70 Cal.App.2d Supp. 872 [161 P.2d 623] distinguished a trial from a sentencing hearing in the context of the type of evidence a judge could consider at sentencing. The defendant was present at sentencing and the court stated "the defendant has a right to be present when judgment is imposed upon him . . ." to enable him to deny the accusations made against him and to confront his accusers. (70 Cal.App.2d Supp. at p. 881.) *People* v. *Weber* (1948) 84 Cal.App.2d 126 [190 P.2d 46] did not involve the presence of the defendant at any proceeding. *People* v. *Benjamin* (1975) 52 Cal.App.3d 63 [124 Cal.Rptr. 799] involved an explicit waiver by defendant of his presence at a view of the scene. *People* v. *Conrad* (1973) 31 Cal.App.3d 308, 324 [107 Cal.Rptr.

---

[4]Such a construction has been made in the widely distributed California Misdemeanor Procedure Benchbook (Cont.Ed.Bar rev. 1975) section 23.23, page 356: "[i]f the defendant has waived the right to be present, judgment may be pronounced in his absence. Pen. Code § 1193(2)." Of course, defendant's presence may be required by express court order on a showing of a need to identify him. Penal Code section 1043, last paragraph.

421] held there was no prejudicial error by reading the opening statements to newly empanelled alternate jurors by stipulation in the absence of counsel, the defendant and judge since the defendant's substantial rights were not affected. *People* v. *Lopez* (1941) 43 Cal.App.2d Supp. 854 [110 P.2d 140] only involved the appealability of a sentence as opposed to a judgment, and relied on *People* v. *Stokes* (1907) 5 Cal.App. 205 [89 P. 997] where it was held not to be error to delay sentence beyond the time agreed on by the defendant. Stokes was present at sentence. The court stated that "even though it be held that the act of pronouncing judgment is part of the trial, the court did not, by reason of the postponement . . . lose jurisdiction in the matter." (5 Cal.App. at p. 214.) Alternatively, the court stated that the pronouncement of judgment is not part of the trial within the meaning of article I, section 13 of the Constitution, but it is doubtful if that statement is good law today in light of *In re Levi* (1952) 39 Cal.2d 41, 44-45 [244 P.2d 403].

### PREJUDICE TO THE DEFENDANTS

*People* v. *Williams* (1970) 10 Cal.App.3d 745 [89 Cal.Rptr. 364] also cited by the People, in relying on *People* v. *Isby* (1947) 30 Cal.2d 879, 894 [186 P.2d 405], does establish that the defendant must show some prejudice from his not being present during the proceedings. *Williams* involved the defendant's absence when the finding was made that there was probable cause to bind him over for a felony trial by the magistrate conducting the preliminary hearing. The defendant had been present at the taking of testimony but the proceedings had been continued to obtain a defense witness. That witness could not be produced and the defendant was bound over in his absence but with his counsel present. No showing of prejudice was made in that case. However, in the cases under consideration the defendants were unrepresented and they lost the substantial advantages that would have been available to them as expressed in *In re Levi, supra,* 39 Cal.2d 41: "A defendant has substantial rights at the time he is arraigned for judgment, because he may be able to show good cause why the judgment should not be pronounced against him. He may be able to show that there is good cause to believe that he is insane, or that there is good cause to order a new trial, or that there is good cause to grant a motion in arrest of judgment. If judgment is pronounced in his absence, he is deprived of these rights." (39 Cal.2d 41 at p. 45, citations omitted.)[5] To those rights might be added the consideration that the defendant might be able to mitigate his sentence

[5]Section 1200 provides as follows: "When the defendant *appears* for judgment he must be informed by the court, or by the clerk, under its direction, of the nature of the charge against him and of his plea, and the verdict, if any thereon, and *must be asked* whether he

by making appropriate comments to the judicial officer, a common occurrence in sentencing traffic violators.

Our holding today is not only dictated by the above authorities but also by sound policy reasons. So long as traffic violations are adjudicated in court, the letter and spirit of misdemeanor procedure should be followed. Alleged traffic violators are now offered an opportunity to contest the validity of their citations by a court trial. This is often the only contact citizens have with the court system. It is important that the proceedings appear to be fair and just. An appearance of arbitrariness is to be avoided, even in the crowded conditions of traffic court proceedings. Delaying decisions until the defendant has left the courtroom and notifying the defendant of the decision and judgment by mail appears to be arbitrary. It is of advantage to the fair administration of justice that all proceedings be conducted in open court. If the judicial officer appears to be biased in favor of the prosecution, other defendants awaiting their turn to testify can exercise their judgment on whether or not to stipulate to or to peremptorily challenge that judicial officer. That announcing adjudications of guilt or innocence and imposing sentence in open court may put some pressure on some judicial officers is no excuse for failing to give the appearance of fairness. If such pressure is too much for any judicial officer to tolerate, he or she should preside in less pressured assignments.

As the records in these cases show no waivers of the defendants' rights to be present at the adjudication and pronouncement of judgment, these judgments of conviction must be reversed. Because of the disposition we make of these cases, it is unnecessary for us to discuss other contentions made in the appeals. Given the relatively minor nature of the infractions involved and the fines imposed, and the necessity for retrials which an unqualified reversal would require, we conclude that in these instances it would not be in the interest of justice to prolong these matters. Accordingly, the judgments are reversed with directions to dismiss the complaints. (*People* v. *Bighinatti* (1975) 55 Cal.App.3d Supp. 5, 7 [127 Cal.Rptr. 310].)

Hastings, J., concurred.

**ASHBY, J.**—I respectfully dissent. I would disapprove the procedure used by the trial court in which it did not announce its decision at the

---

has any legal cause to show why judgment should not be pronounced against him." (Italics added.)

conclusion of the trial and did not make any showing of need to take the cases under submission. However, there also is no showing whatsoever that the procedure followed was anything but harmless in these instances. Defendants were present during their trials and all testified. The evidence against them was substantial. In the case of defendant Kriss, even he testified that he had exceeded the 55-mile-per-hour maximum speed limit as charged. To hold that these convictions must be reversed and dismissed regardless of the fairness of the trials and the weight of the evidence and the absence of any showing that the pronouncement of the judgment and sentencing would have made any difference, is excessive and unjust.

Contrary to the implication of the majority there is no necessity for retrials. If, for appearance sake as suggested by the majority, pronouncement of the judgment and sentencing before the defendants have left the courtroom are essential, then these cases should be remanded to the trial court for compliance with those requirements.