[Civ. No. 54121. First Dist., Div. Four. Apr. 14, 1982.]

TIMOTHY TURNER, Petitioner, v.
THE MUNICIPAL COURT FOR THE OAKLAND-PIEDMONT
JUDICIAL DISTRICT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Stephen B. Bedrick for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Thomas A. Brady and Mark S. Howell, Deputy Attorneys General, for Real Party in Interest.

OPINION

**CHRISTIAN, J.**—Timothy Turner petitions this court for a writ of prohibition to restrain respondent municipal court from proceeding with a trial assertedly set in violation of his speedy trial right.

On February 6, 1981, petitioner pleaded not guilty to a charge of petty theft. (Pen. Code, § 484.) Petitioner waived time; the case was set for trial on July 27, 1981. No court was available on that date and a new date was set for August 27, 1981. Again no court was available and trial was set for October 7, 1981.

At the time set for trial petitioner did not appear. His counsel was present and heard that no trial space was available. He then withdrew petitioner's time waiver and demanded that petitioner be tried within 10 days pursuant to Penal Code section 1382, subdivision 3. Later the same morning, the case was called on the trial calendar; petitioner was still not present. The judge ordered that a bench warrant be issued and vacated the trial date.

At 2 p.m. the same day, petitioner appeared and the case was called again. The judge withdrew the bench warrant but refused to set a trial date within the 10-day period requested by petitioner. Trial was set for November 18, 1981.

On October 29, 1981, the court denied petitioner's motion to dismiss for failure to try him within 10 days of the withdrawal of his waiver. Petitioner filed in the superior court a petition for writ of prohibition; the petition was summarily denied. Petitioner then filed the instant petition.

■ An original petition to this court for a writ of prohibition is an appropriate remedy. An appeal from the denial in the superior court of a similar petition is an inadequate remedy because petitioner would be subjected to a criminal trial while pursuing it. (*Castaneda* v. *Municipal Court* (1972) 25 Cal.App.3d 588, 591-592 [102 Cal.Rptr. 230].)

Penal Code section 1382, subdivision 3, provides that a defendant in a misdemeanor case who is not in custody must be tried within 45 days after his arraignment. But an action is not to be dismissed under this subdivision: "(1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter or (2) if it is not tried on the date set for trial because of the defendant's neglect or failure to appear, in which case he shall be deemed to have been arraigned within the meaning of this subdivision on the date of his subsequent arraignment on a bench warrant or his submission to the court."

■ Petitioner contends that the actual reason for the continuance was not his failure to appear in person on the date and at the time set for trial, but the unavailability of a courtroom. He bases this contention on a remark by the judge "that there would have been no courtroom available in the morning [of the date set for trial], and therefore the case would not have been sent out for trial on said day, even if petition-

er had been present in the morning." The inability of the court to provide a courtroom is not good cause for delay absent a showing that the court's calendar was so taken up with criminal cases that it would have been impossible to try the defendant within the statutory time. (*Hankla v. Municipal Court* (1972) 26 Cal.App.3d 342, 364 [102 Cal.Rptr. 896]; see *People v. Johnson* (1980) 26 Cal.3d 557, 571 [162 Cal.Rptr. 431, 606 P.2d 738].) Thus, reasons petitioner, the trial court was required to bring petitioner to trial within 10 days of the missed trial date. (Pen. Code, § 1382.)

Notwithstanding the comments made by the municipal court, the fact remains that petitioner was not present at the time set for trial. The court's statement that a courtroom would not have been available that morning does not establish that if appellant had appeared on time the case could not have been tried. It is conceivable that, had petitioner been present to assert his speedy trial right, a courtroom could have been made available the same day by briefly interrupting another trial. It is also possible that in weighing priorities the prosecutor would have dismissed another case to make room for this one. Those possibilities were never considered inasmuch as appellant did not appear. Where such possibilities are not excluded, we must proceed under the assumption that the actual cause for the continuance was petitioner's failure to appear in person at the time set for trial.

■ Dismissal under section 1382 of the Penal Code is mandatory if a timely motion to dismiss is made after the 45-day statutory period has elapsed and good cause for delay has not been shown by the prosecution. (*Sykes v. Superior Court* (1973) 9 Cal.3d 83, 89 [106 Cal.Rptr. 786, 507 P.2d 90].) The trial court, however, has discretionary power to determine whether good cause for delay exists. (*Batey v. Superior Court* (1977) 71 Cal.App.3d 952, 956 [139 Cal.Rptr. 689].) Where the delay is caused by the defendant's own conduct (e.g., by absenting himself from trial) the trial court may properly find good cause for delay. (*People v. Bryant* (1970) 5 Cal.App.3d 563, 571 [85 Cal.Rptr. 388].)

■ A criminal defendant has a constitutional right to be present at all stages of the proceedings. (Cal. Const., art. I, § 15.) An accused in a misdemeanor proceeding, however, has the additional statutory right to be absent from the proceeding, if he so chooses, and to appear through counsel only. (Pen. Code, § 977.) The right to appear through counsel, however, is conditional on a showing that the defendant ""absents himself with the full knowledge that a trial is to be or is being had.""

(*People* v. *Kriss* (1979) 96 Cal.App.3d 913, 916 [158 Cal.Rptr. 420].) Since an election to proceed without actual physical presence is a waiver of petitioner's constitutional right to be present, it cannot be presumed lightly. "'Courts indulge in every reasonable presumption against waiver of fundamental rights and do not presume acquiescence in the loss of fundamental rights.'" (*Id.*, at pp. 916-917, quoting *Johnson* v. *Zerbst* (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019].) Thus, although the court in a misdemeanor case may sometimes proceed with trial where defendant appears solely by counsel (Pen. Code, § 977), it may do so only if it is established that the acts of counsel are authorized by the defendant. (*People* v. *Kriss, supra*, 96 Cal. App.3d 913, 917; *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273].) ▮ In the instant case, it was not at all certain that petitioner had authorized counsel to proceed to trial without his being present. On the contrary, petitioner's counsel at the hearing attributed petitioner's failure to appear not to a knowing and voluntary waiver of his right to be present at trial, but to "chronic tardiness." Under these circumstances, the court was not authorized by section 977 to proceed with trial.

Since the requirements of Penal Code section 977 were not met, the court was empowered to exercise its discretion pursuant to the second paragraph of Penal Code section 1043, subdivision (e).[1] Under that provision, it was within the municipal court's discretionary power to continue the proceeding. Since petitioner's absence was not shown to have been voluntary, it would have been an abuse of discretion for the court to proceed to trial. In these circumstances the court could not have been certain that petitioner knowingly waived his right to be present; therefore, petitioner's absence was good cause for delay. (Pen. Code, § 1382.)

The alternative writ is discharged; the petition is denied.

Caldecott, P. J., and Rattigan, J., concurred.

---

[1]Penal Code section 1043, subdivision (e): "... If there is no authorization pursuant to subdivision (a) of Section 977 and if the defendant fails to appear in person at the time set for trial or during the course of trial, the court, in its discretion, may do one or more of the following, as it deems appropriate:
"(1) Continue the matter.
"(2) Order bail forfeited or revoke release on the defendant's own recognizance.
"(3) Issue a bench warrant.
"(4) Proceed with the trial if the court finds the defendant has absented himself voluntarily with full knowledge that the trial is to be held or is being held...."