[No. E049726. Fourth Dist., Div. Two. July 7, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
SHIRLEY ANN DISANDRO, Defendant and Appellant.

**COUNSEL**

Thomas P. O'Brien, United States Attorney, Sheri Pym and Daniel Ackerman, Assistant United States Attorneys, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**RAMIREZ, P. J.**—On July 14, 2008, defendant and appellant Shirley Ann Disandro, a letter carrier for the United States Postal Service (USPS), was cited by a Temecula police officer for driving at an unsafe speed (Veh. Code, § 22350)[1] and driving with a load obstructing her control of the vehicle (Veh. Code, § 21700).[2] On January 6, 2009, when defendant was not present, her trial was held in traffic court, and she was found guilty as alleged in the traffic citation.

On January 30, 2009, defendant appealed the judgment to the appellate division of the superior court, which rendered an affirming opinion on October 27, 2009. On December 15, 2009, on the court's own motion, we ordered the case transferred to this court pursuant to California Rules of Court,

---

[1] Vehicle Code section 22350 provides as follows: "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

[2] Vehicle Code section 21700 provides as follows: "No person shall drive a vehicle when it is so loaded, or when there are in the front seat such number of persons as to obstruct the view of the driver to the front or sides of the vehicle or as to interfere with the driver's control over the driving mechanism of the vehicle."

rules 8.1002 and 8.1008(c)(1)(A), because a transfer was necessary to secure uniformity of decision and to settle an important question of law. No supplemental briefing was ordered or requested, and we determine the matter on the transferred record. Although we agree with the appellate division's decision to affirm the judgment, we cannot agree with its reasoning.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the record, defendant was driving her own personal vehicle while delivering mail for her employer, the USPS, when she was cited on July 14, 2008. The citation states she had been "warned previously." She timely appeared on September 15, 2008, for her arraignment and pleaded not guilty. At that time, she signed a form entitled "Rights of a Defendant—Infraction" acknowledging her rights. In part, the form advised defendant she had a right to retain an attorney at her own expense and "the right to a continuance or delay to obtain an attorney or to prepare [her] defense." The form further advised defendant she had a right to a trial by the court if she pled not guilty and the right to confront and examine all witnesses testifying against her at trial. Although the form includes the option to waive these rights, defendant did not complete or sign that part of the form. The trial was scheduled for December 2, 2008.

On November 13, 2008, about two weeks before her trial was scheduled to commence, defendant submitted a form request for a continuance. The form indicates a request for a continuance is untimely if it is not filed "at least 10 days prior to the Court Trial hearing date." Under the section entitled "reason," defendant stated she and her husband were both scheduled to have surgery. As explained on the form, defendant agreed to waive her right to a speedy trial in order to obtain the continuance. The form does not mention or require the waiver of any other rights. Nor does it suggest defendants are limited to a single continuance. The request was granted, and the trial was rescheduled for January 6, 2009.

Once again, on December 19, 2008, about two weeks before the continued trial was about to commence, defendant submitted a timely form request for a continuance until February 3, 2009. The reason for the request states as follows: "The Notice to Appear for which this trial is scheduled was issued to me while I was performing my official duties as a Rural Carrier for the U.S. Postal Service. The Postal Service has requested that I be represented by the U.S. Attorney's Office but that office is still reviewing the request. A decision on this request should be made prior to 2/3/09." Once more, as explained on the form, defendant agreed to waive her right to a speedy trial as part of her request for the continuance. This time, her request was denied for the following reason: "Matter has been continued previously. The People are entitled to a speedy trial."

On January 5, 2009, the day before trial was scheduled to commence, an attorney from the United States Attorney's Office sent a letter to the traffic court by facsimile and first class mail. According to the letter, a notice of removal of the case was filed in the United States District Court. In addition, the letter stated as follows: "As you know, pursuant to the provisions of 28 U.S.C. § 1446(d), this matter has been removed, and the Superior Court of Riverside County may proceed no further unless the case is subsequently remanded by the United States District Court." File-stamped copies of the notice of removal were enclosed with the letter. The appellate division's opinion indicates the minutes and case report of the traffic court do not show these documents were ever filed or received in the traffic court. However, the appellate division took judicial notice of them.

On January 6, 2009, trial commenced at 9:14 a.m., but defendant was not present. The police officer who issued the citation testified, and the court found defendant guilty as charged. Defendant was ordered to pay a fine of $132.80 for driving at an unsafe speed and a fine of $127.40 for driving with a load obstructing her control of the vehicle, plus a security fee of $40.

On January 15, 2009, the United States District Court remanded the case back to the traffic court. The ruling indicates the case was remanded because the notice of removal was untimely, and defendant did not show good cause for excusing the tardiness.

Defendant filed her notice of appeal in the appellate division on January 30, 2009. Through counsel, she then filed a proposed statement on appeal, stating she did not appear at trial "because a notice to remove the case to federal court had been filed prior to trial." She argued the court erred because it entered a conviction without legal authority since the case had been removed to federal court prior to trial. She also stated she was harmed by the error because she was convicted without an opportunity to defend herself.

On May 8, 2009, the traffic court filed an order making the following correction to defendant's proposed statement: "Officer Strang, as a percipient witness, testified that [defendant] was driving at a speed greater than was reasonable for the prevailing conditions and the vehicle was so loaded as to obstruct the driver's view or control of her vehicle. This testimony was uncontradicted." As the appellate division commented, the traffic court had an independent duty to settle an accurate and truthful statement on appeal, by referring to the judge's notes, unofficial audio records, if any, and the judge's memory. (Cal. Rules of Court, rule 8.916(d)(4), (f)(2); *Marks v. Superior Court* (2002) 27 Cal.4th 176, 195–196 [115 Cal.Rptr.2d 674, 38 P.3d 512]; *People v. Jenkins* (1976) 55 Cal.App.3d Supp. 55, 63–66 [127 Cal.Rptr. 870].) The appellate division commented in its opinion that the settled

statement is "woefully deficient," because it does not provide any insight on the substance of the officer's testimony and instead "merely parrots the charged infractions."

On October 27, 2009, the appellate division issued its opinion affirming the traffic court's judgment of conviction on both traffic infractions based on the police officer's uncontradicted testimony of defendant's guilt. The appellate division reasoned it was appropriate for the traffic court to proceed with trial in defendant's absence because she "voluntarily absented herself from trial, albeit under the mistaken belief that her removal notice was effective." As a result, it concluded "she implicitly waived her rights under the confrontation clause." In other words, the appellate division concluded defendant's absence from trial was voluntary because she had no reasonable expectation her case could be removed to federal court.

## DISCUSSION

Defendant filed her opening brief in the appellate division on August 14, 2009, claiming the traffic court violated her federal constitutional right to confront and cross-examine witnesses when it tried her case while she was not present. She essentially argued individuals charged with infractions stand on equal footing with those charged with criminal offenses and, as a result, any waiver of constitutional rights is not valid unless it is "on the record."

Defendant contends the record shows she clearly did not intend to waive her right of confrontation. First, she signed the form acknowledging she had read and understood her rights but she specifically did not sign the part of the form to indicate she wanted to waive those rights. Second, she entered a plea of "not guilty." Third, she sought a continuance to obtain legal representation. She then obtained legal assistance and attempted to remove the case to federal court. She also argues the error in proceeding with the trial in her absence was harmful. If she had been present, defendant contends she could have cross-examined the officer and claimed she was acting within her duties as a mail carrier when she was cited.

" 'General standards of appellate review apply to appeals . . . transferred for decision to the Courts of Appeal.' [Citation.]" (*City of Chino v. Jackson* (2002) 97 Cal.App.4th 377, 382 [118 Cal.Rptr.2d 349] [Fourth Dist., Div. Two].) Because a trial court's decision requires " 'a measurement of the facts against the law,' " appellate courts apply the independent or de novo standard of review to a claim involving a defendant's exclusion from trial "either in whole or in part." (*People v. Perry* (2006) 38 Cal.4th 302, 311 [42 Cal.Rptr.3d 30, 132 P.3d 235].)

■ The Sixth Amendment to the United States Constitution provides in part as follows: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." Because the right to confrontation is constitutionally guaranteed in order to protect the fairness of a trial and the reliability of the truth-determining process, the United States Supreme Court requires a waiver of the right to be "knowing and intelligent." (*Schneckloth v. Bustamonte* (1973) 412 U.S. 218, 237–238 [36 L.Ed.2d 854, 93 S.Ct. 2041].) A waiver must be " 'an intentional relinquishment or abandonment of a known right or privilege.' " (*Id.* at p. 235.) A waiver of certain key constitutional rights, such as the right to confrontation, cannot be presumed from a silent record. (*Boykin v. Alabama* (1969) 395 U.S. 238, 243 [23 L.Ed.2d 274, 89 S.Ct. 1709].)

■ Defendant has not cited, and we were unable to locate, any case in which the United States Supreme Court has specifically addressed the extent to which the Sixth Amendment right to confrontation applies in minor traffic infraction cases where a loss of liberty is not involved.[3] To the contrary, the United States Supreme Court has in at least two cases limited the rights afforded by the Sixth Amendment to more serious criminal matters. For example, in *Scott v. Illinois* (1979) 440 U.S. 367, 371–374 [59 L.Ed.2d 383, 99 S.Ct. 1158], the United States Supreme Court held the Sixth Amendment right to counsel is limited to criminal cases that actually lead to imprisonment. In addition, the Sixth Amendment right to a jury trial does not extend to petty offenses involving a sentence of imprisonment for six months or less. (*Lewis v. United States* (1996) 518 U.S. 322, 330 [135 L.Ed.2d 590, 116 S.Ct. 2163].) In other words, it is uncertain whether the Sixth Amendment right to confrontation afforded to defendants "[i]n all criminal prosecutions" (U.S. Const., 6th Amend.), would apply fully and completely in minor traffic infraction cases that are not punishable by imprisonment under California law. Therefore, without more, we cannot conclude defendant has a viable claim she was denied her federal constitutional right of confrontation under the Sixth Amendment because the traffic court proceeded with her minor traffic infraction case while she was not present.

■ Similar to the Sixth Amendment of the federal Constitution, the California Constitution states as follows: "The defendant in a criminal cause

---

[3] "A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, either of the following punishments: [¶] . . . [¶] 3. Fine." (Pen. Code, § 15.) "Crimes and public offenses include: [¶] 1. Felonies; [¶] 2. Misdemeanors; and [¶] 3. Infractions." (Pen. Code, § 16.) " 'Misdemeanor or infraction case' means a criminal action in which a misdemeanor or infraction is charged and does not include a criminal action in which a felony is charged in conjunction with a misdemeanor or infraction." (Pen. Code, § 691, subd. (g).) An infraction is a public offense which is "not punishable by imprisonment." (Pen. Code, § 19.6; see also Veh. Code, §§ 40000.1, 21700, 22350.)

has the right . . . to be personally present with counsel, and to be confronted with the witnesses against the defendant." (Cal. Const., art. I, § 15.) Under California statutory law, a person charged with an infraction has some, but not all, of the constitutional rights afforded a defendant in a misdemeanor criminal prosecution.[4] For example, Penal Code section 19.6 specifically states that a person charged with an infraction does not have a right to appointed counsel or a trial by jury. Instead, "[t]rial of an infraction shall be by the court . . . ." (Pen. Code, § 1042.5.)

■ A person charged with a Vehicle Code infraction does have a statutory right to be present and to confront and cross-examine witnesses. (Veh. Code, § 40901, subd. (c).) In this regard, Vehicle Code section 40901, subdivision (c), provides as follows: "Prior to the entry of a waiver of constitutional right . . . the court shall inform the defendant in writing of the nature of the proceedings and of his or her right to confront and cross-examine witnesses . . . and to hire counsel at his or her own expense. The court shall ascertain that the defendant *knowingly and voluntarily waives his or her right to be confronted by the witnesses against him or her*, to subpoena witnesses in his or her behalf, and to hire counsel on his or her behalf before proceeding." (Italics added.)

■ The Vehicle Code also includes specific procedures to be followed in the event persons charged with traffic infractions do not appear for trial. Subdivision (a) of Vehicle Code section 40512.5 provides in part as follows: "[I]f at the time the case is called for trial the defendant does not appear, either in person or by counsel, and has not requested in writing that the trial proceed in his or her absence, the court may declare the bail forfeited and may, in its discretion, order that no further proceedings be had in the case, or the court may act pursuant to Section 1043 of the Penal Code."

Subdivision (e) of Penal Code section 1043 states as follows: "If the defendant in a misdemeanor case fails to appear in person at the time set for trial . . . the court shall proceed with the trial, unless good cause for a continuance exists, if the defendant has authorized his counsel to proceed in his absence pursuant to subdivision (a) of Section 977.[5] [¶] If there is no authorization pursuant to subdivision (a) of Section 977 and if the defendant fails to appear in person at the time set for trial . . . the court, in its discretion, may do one or more of the following, as it deems appropriate: [¶] (1) Continue the matter. [¶] (2) Order bail forfeited . . . . [¶] (3) Issue a bench

---

[4] Penal Code section 19.7 states as follows: "Except as otherwise provided by law, all provisions of law relating to misdemeanors shall apply to infractions . . . ."

[5] With certain specifically delineated exceptions, which are not relevant here, subdivision (a)(1) of Penal Code section 977 also provides that misdemeanor defendants "may appear by counsel only."

warrant. [¶] (4) *Proceed with the trial if the court finds the defendant has absented himself voluntarily with full knowledge that the trial is to be held or is being held.*[6] (Italics added.) Thus, subdivision (e) of section 1043 is "not operative when counsel appears for the defendant. It follows that it is operative only when the defendant represents himself and fails to appear or, if represented by counsel, appears neither in person nor by counsel . . . ." (*Beasley v. Municipal Court* (1973) 32 Cal.App.3d 1020, 1026 [108 Cal.Rptr. 637].)

■ A trial court abuses its discretion under Penal Code section 1043 if it proceeds with the trial without an adequate showing that the defendant's absence is a knowing and voluntary one. (*Turner v. Municipal Court* (1982) 131 Cal.App.3d 643, 648 [182 Cal.Rptr. 650].) Before it can make a finding that a defendant's absence is knowing and voluntary, a trial court must make reasonable inquiry and have "sufficient facts before it." (*People v. Shelby* (1980) 108 Cal.App.3d Supp. 7, 11–12 [166 Cal.Rptr. 707].) The defendant must be given a "full opportunity to explain his absence." (*Id.* at p. Supp. 13.) The court cannot "look solely at the facts initially before the court" but must base its determination "upon the totality of the facts; not just a portion of them." (*People v. Connolly* (1973) 36 Cal.App.3d 379, 385 [111 Cal.Rptr. 409].) "Mere absence standing alone is purely equivocal." (*People v. Semecal* (1968) 264 Cal.App.2d Supp. 985, 991 [69 Cal.Rptr. 761].)

In *People v. Connolly, supra,* 36 Cal.App.3d at pages 383, 385–386, for example, the defendant failed to appear for the second day of trial, and the court held a special hearing to determine the reason for the defendant's absence. The trial court properly completed the trial without the defendant present only when it was convinced by the evidence that the absence was voluntary and knowing. (*Id.* at p. 385.) In *People v. Howze* (2001) 85 Cal.App.4th 1380 [102 Cal.Rptr.2d 887], a knowing and voluntary waiver was found when a defendant who was in custody refused to come out of his cell for the commencement of trial. The defendant had been warned more than once this would be considered a waiver of his right to be present. In addition, two days prior to his trial date, in open court, the defendant unequivocally stated he would not attend any further court appearances. (*Id.* at pp. 1395–1396.) A waiver was found under these circumstances even though the defendant's oral statement on the record did not strictly comply with the writing requirements for felony defendants set forth in Penal Code section 977. (*Howze,* at pp. 1395–1396.)

---

[6] Although the defendant may appear by counsel only, subdivision (e) of Penal Code section 1043 does allow the court to order the defendant "to be personally present at the trial for purposes of identification unless counsel stipulate to the issue of identity."

Here, the traffic court made no finding defendant was knowingly and voluntarily absent at the commencement of trial on January 6, 2009. The record is silent as to whether the traffic court took any steps to determine the reason for defendant's absence. The traffic court's minutes for this day merely state, "Defendant is Not Present." As the appellate division noted in its opinion, it is not clear whether the traffic court actually received the letter prepared by defendant's counsel advising of the filing of a removal notice in federal court on January 2, 2009. Nor is it clear whether the traffic court was even aware defendant was actually represented by counsel at this time. On a silent record, we must assume the traffic court had no information on the reason for defendant's absence. Under these circumstances, the traffic court had a duty to proceed according to Vehicle Code section 40512.5 and/or Penal Code section 1043, subdivision (e), but it did not do so. In other words, the traffic court had several options available to it when defendant did not appear for trial. However, it was not authorized under Vehicle Code section 40512.5 and/or Penal Code section 1043, subdivision (e), to proceed with trial, unless it had sufficient facts before it to make a determination that defendant's absence was both voluntary and knowing.

If, on the other hand, the traffic court did receive the attorney's letter and the enclosed removal notice, the information contained therein would not, standing alone, be enough for the traffic court to reasonably conclude defendant's absence was both knowing and voluntary. Even if it could be said these documents show defendant's absence was voluntary, there is nothing to suggest she was absent "with full knowledge that the trial is to be held or is being held." (Pen. Code, § 1043, subd. (e)(4).) To the contrary, the attorney's letter to the traffic court indicates defendant was unaware her trial could proceed if she did not appear on January 6, 2009. This is because the letter suggests defendant was likely advised by counsel the notice of removal precluded the traffic court from taking any further action in her case unless it was remanded by the federal court.

The appellate division's opinion affirming the traffic court's judgment concluded the traffic court had jurisdiction to proceed with trial in defendant's absence even though a removal notice had been filed. It reasoned defendant's removal notice was untimely and, as a result, it had no effect on the traffic court's jurisdiction to proceed. It also concluded defendant had no viable substantive grounds for removal. As a result, it further concluded defendant's absence from trial was voluntary because she could not have had any reasonable expectation the traffic court would actually suspend the proceeding against her. However, the standard is not whether she had a reasonable expectation her trial could proceed without her under these circumstances. It is whether she was voluntarily absent "with full knowledge that the trial is to be held or is being held." (Pen. Code, § 1043, subd. (e)(4).)

We do not disagree with the appellate division's conclusion the traffic court had jurisdiction to proceed despite the filing of the removal notice. Under title 28 United States Code section 1446(c)(1), "[a] notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, *whichever is earlier*, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." (Italics added.) "If the United States district court determines that removal [in a criminal prosecution] shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further." (28 U.S.C. § 1446(c)(5).)

Here, it is undisputed defendant's notice of removal was filed late. She was arraigned in traffic court on September 15, 2008, and did not file the notice of removal in federal court until more than 30 days later, on January 5, 2009. In addition, she filed the notice without first seeking leave of court to file a late notice. Instead, the notice of removal states that "[r]emoval is timely" because trial was not scheduled to begin until January 6, 2009. However, this statement overlooks the fact defendant was arraigned in traffic court on the earlier date of September 15, 2008. Because defendant filed her notice of removal late and without first seeking leave of court, "there was no viable removal petition before the federal court and, as a result, the state court was never divested of jurisdiction over the matter." (*Seaton v. Jabe* (6th Cir. 1993) 992 F.2d 79, 81.)

█ In any event, when defendant did not appear for trial on January 6, 2009, the traffic court was obligated to follow the procedures set forth in Vehicle Code sections 40901, subdivision (c), and 40512.5 and/or Penal Code section 1043, subdivision (e). As outlined above, it did not do so, and this was error. "So long as traffic violations are adjudicated in court, the letter and spirit of misdemeanor procedure should be followed. . . . This is often the only contact citizens have with the court system. It is important that the proceedings appear to be fair and just. An appearance of arbitrariness is to be avoided, even in the crowded conditions of traffic court proceedings." (*People v. Kriss* (1979) 96 Cal.App.3d 913, 921 [158 Cal.Rptr. 420].)

The right to presence during the trial of a traffic infraction was created by statute under Vehicle Code sections 40512.5 and 40901 with reference to Penal Code section 1043. Because the right was conferred by the state, any errors are evaluated under the harmless error standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]. (See, e.g., *People v. Crayton* (2002) 28 Cal.4th 346, 363–364 [121 Cal.Rptr.2d 580, 48 P.3d 1136]; *People v. Wilen* (2008) 165 Cal.App.4th 270, 288–289 [80 Cal.Rptr.3d 895].) Under that standard, reversal is only warranted for a miscarriage of

justice[7] if it "is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Watson*, at p. 836.) In addition, "[d]efendant has the burden of demonstrating that his absence prejudiced his case or denied him a fair trial. [Citations.]" (*People v. Bradford* (1997) 15 Cal.4th 1229, 1357 [65 Cal.Rptr.2d 145, 939 P.2d 259].)

■ Although it is our view the traffic court erred when it proceeded with trial in defendant's absence without making appropriate inquiries into the reasons for the absence in order to determine whether it was both knowing and voluntary, the record indicates the error was harmless. The case, of course, is not a complex one as it involves only two minor traffic infractions. Defendant has not even presented a colorable argument as to why she would not have been found guilty of both traffic infractions if she had been present at trial. She has made no claim of factual innocence. She does not contend the officer had no valid grounds to issue the citation. Nor does she present anything to suggest there was a possibility the amount of the fines imposed immediately following trial could have been affected in any way by mitigating circumstances she would have presented if she was there. Defendant merely claims she could have cross-examined the officer to challenge his observations and argued she was acting within the scope of her employment duties when she was cited. Thus, there is nothing to indicate she had a viable defense to either infraction. Nor are there any reasons to believe the results of the proceeding would have been different if defendant had been present at the time of trial. Under these circumstances, we can only conclude the error was harmless.[8]

---

[7] Article VI, section 13 of the California Constitution provides in pertinent part, "No judgment shall be set aside, or new trial granted, in any cause . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

[8] As noted above, we are not convinced the error here was of a federal constitutional dimension. A violation of state law does not automatically offend federal constitutional guarantees or rise to the level of a federal constitutional violation. (*People v. Osband* (1996) 13 Cal.4th 622, 695 [55 Cal.Rptr.2d 26, 919 P.2d 640].) However, even if the error did violate the Sixth Amendment, we would reach the same conclusion under the particular facts of this case. Violations of the federal constitutional right to be present during all critical stages of a criminal trial are generally subject to harmless error analysis "unless the deprivation, by its very nature, cannot be harmless." (*Rushen v. Spain* (1983) 464 U.S. 114, 119, fn. 2 [78 L.Ed.2d 267, 104 S.Ct. 453].) "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." (*Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824].) We would conclude the error here was harmless beyond a reasonable doubt for the same reasons we determined the error was harmless under the *Watson* standard.

## DISPOSITION

The judgment is affirmed for the reasons stated herein and not for those expressed in the appellate division's opinion of October 27, 2009.

Hollenhorst, J., and Richli, J., concurred.