Filed 2/14/20 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B296613 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA471975) |
| v. | |
| EDWIN VILLATORO, | **ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING** |
| Defendant and Appellant. | [There is no change in judgment] |

On page 6, replace the first full paragraph "We also note . . ." with:

We also note that the defendant has a right to be present when a fine is imposed upon him. In a criminal case, the trial court's *oral* pronouncement of sentence constitutes the judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) The judgment in a felony case must be imposed in the presence of the accused (*People v. Zackery* (2007) 147 Cal.App.4th 380, 386–387), and where a defendant is charged with a felony and an infraction, the case is treated as a felony case (§ 691, subd. (f)). Because fines are punishment, a "judgment includes a fine." (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1080.) Therefore, in a felony case a fine may only be imposed in the presence of the accused. (*Zackery*, at pp. 386–389.) Here, the court imposed

the fine at a "nonappearance" hearing in a felony case at which Villatoro was not present.[4]

There is no change in judgment.

Petition for rehearing is denied.

_____

RUBIN, P. J.            MOOR, J.            KIM, J.

_____

[4]    In a petition for rehearing, respondent argues correctly that in infraction cases a defendant need not be present when the sentence is imposed. (See *People v. Kriss* (1979) 96 Cal.App.3d 913, 919 [The "defendant may be absent when the court adjudicates guilt and sentences in a misdemeanor or infraction proceeding if (1) he is represented by counsel, *or* (2) he knowingly and intelligently waives his right to be present."].) Respondent has now applied this principle to the present case. However, this is not an "infraction case" but a felony case, and no lawful infraction was filed.

Filed 1/16/20 (unmodified version)

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| THE PEOPLE, | B296613 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA471975) |
| v. | |
| EDWIN VILLATORO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James R. Dabney, Judge. Affirmed in part and reversed in part.

Ricardo D. Garcia, Public Defender, Albert J. Menaster, Dana Branen, and Nick Stewart-Oaten, Deputy Public Defenders, for Defendant and Appellant

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Michael C. Keller and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Edwin Villatoro appeals from the trial court's order imposing a $100 fine under Penal Code section 29810 for failure to complete a firearms disclosure form.[1]  Section 29810 provides that the failure to timely file a completed firearms disclosure form "shall constitute an infraction punishable by a fine not exceeding one hundred dollars ($100)."  (§ 29810, subd. (c)(5).)  Villatoro contends the $100 fine is unauthorized by law in this case because the prosecutor never charged him with an infraction in violation of section 29810.  The Attorney General takes the position that the trial court properly charged and convicted Villatoro of the infraction because the prosecutor's silence at the proceedings implied the prosecutor's "concurrence and approval."  Given that the statutory procedures for prosecuting an infraction were not followed here, we conclude the trial court had no authority to impose punishment for committing an infraction under these circumstances.  The trial court's order is reversed.

### FACTUAL AND PROCEDURAL BACKGROUND

Villatoro was charged and pled no contest to assault (§ 245, subd. (a)(4)).  The court accepted Villatoro's plea and placed him on three years of formal probation.  At the sentencing hearing, the court imposed a $30 conviction assessment (Gov. Code, § 70373), a $40 operations assessment (§ 1465.8), a $300 restitution fine (§ 1202.4), and imposed and stayed a $300 parole revocation restitution fine (§ 1202.45).

Villatoro declined to complete the Prohibited Persons Relinquishment Form, invoking his Fifth Amendment right

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

2

against self-incrimination.  The court declined to "uphold[] the privilege" because Villatoro had no prior convictions.  The court informed Villatoro:  "It's going to be a $100 fine if you don't sign this form" and then set a "nonappearance date" for a "Prop. 63 report."[2]

At the subsequent hearing, the following exchange occurred between Villatoro's counsel and the trial court, Villatoro not being present:

"[Counsel]:  Your Honor, if the court's going to [] set the fine, he has a right to an infraction and our office is taking it up.

[Court]:  What? You should have had him come in. . . . I told you at the time of the agreement I was going to do this when I sentenced him.  He waived his appearance.

[Counsel]:  I didn't want my client to sign a form that's going to be seen by the federal government when he faces collateral consequences of his plea.

[Court]:  Great. Excellent.  He has no record. I said that at the time of the agreement that I was going to impose the fine because he had no record.  So this is his infraction hearing.  We can do it right now. Go ahead."

After defense counsel made an argument, the court found that Villatoro had failed to complete the Prohibited Persons Relinquishment Form as required by section 29810 and imposed a $100 fine.

Villatoro timely appealed.

---

[2]    In November 2016, the voters passed Proposition 63, the "Safety for All Act of 2016," which amended section 29810 to provide for the use of the Prohibited Persons Relinquishment Form.  (*People v. Romanowski* (2017) 2 Cal.5th 903, 904, fn. 2; § 29810; Prop 63, § 10.4.)

## DISCUSSION[3]

Villatoro argues the trial court lacked the authority to sentence him for a violation of section 29810 because the prosecutor never charged him with this infraction. The Attorney General argues the trial court had the authority to charge Villatoro because the prosecutor "did not object to the court holding an infraction proceeding" and, therefore, "the trial court had the implicit concurrence and approval of the district attorney to initiate infraction proceedings under section 29810." The Attorney General does not cite to any authority for this novel argument, and we cannot support it.

Section 29810 provides that the trial court shall, upon conviction of a defendant for a felony, provide the defendant with a Prohibited Persons Relinquishment Form. (§ 29810, subd. (a)(2).) The form requires the defendant to declare any firearms in his possession and their location "to enable a designee or law enforcement officials to locate the firearms." (§ 29810, subd. (b)(3).) Prior to final disposition or sentencing, the court must make findings as to whether the court received the

<hr>

[3] Respondent argues we should dismiss the appeal or transfer it to the superior court appellate division because the imposition of the $100 fine was analogous to an independent infraction case. (See § 1466.) Leaving aside the issue of efficiency, we cannot view the fine in this manner given that the prosecutor never charged an infraction and no trial was held on such a charge. Rather, these unusual proceedings involve the imposition of a fine in conjunction with the sentencing on Villatoro's felony plea; no separate charges were filed and the infraction proceedings were part and parcel with the felony plea and sentence. We conclude jurisdiction properly rests in this court, as part of an appeal from a felony conviction. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1095–1096.)

completed form. (§ 29810, subd. (c)(3).) "Failure by a defendant to timely file the complete Prohibited Persons Relinquishment Form with the assigned probation officer shall constitute an infraction punishable by a fine not exceeding one hundred dollars ($100)." (§ 29810, subd. (c)(5).)

Villatoro cites to *People v. Municipal Court for Ventura Judicial District (Pelligrino)* (1972) 27 Cal.App.3d 193 for the principle that a criminal complaint filed without the district attorney's authorization is a nullity. (*Id.* at p. 204.) The *Pelligrino* court observed that "all criminal proceedings must be brought in the name of the People of the State of California" citing to article six, section 20 of the California Constitution. (*Id.* at p. 201.) "Due process of law requires that criminal prosecutions be instituted through the regular processes of law. These regular processes include the requirement that the institution of any criminal proceeding be authorized and approved by the district attorney." (*Id.* at p. 206.)

Here, the trial court essentially charged defendant with an infraction, conducted a trial, found him guilty, and imposed the $100 fine on him for violating section 29810—all in the presence of the district attorney. Yet, the district attorney did not charge or approve the charging of an infraction. The People's position that the district attorney may "implicitly concur" to a trial court's "initiation of infraction proceedings under section 29810" by simply not voicing opposition is not supported by any authority. Certainly the district attorney had the opportunity to file the infraction. Even if it could be said that the prosecutor impliedly concurred with court's initiation of infraction proceedings, nothing in the Attorney General's appellate briefs suggests that

5

the court has the power to initiate proceedings at all, with or without the concurrence of the prosecutor, express or implied.

We also note that the defendant has a right to be present when a fine is imposed upon him. In a criminal case, the trial court's *oral* pronouncement of sentence constitutes the judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) The judgment must be imposed in the presence of the accused. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 386–387 (*Zackery*).) Because fines are punishment, a "judgment includes a fine." (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1080.) Therefore, a fine may only be imposed in the presence of the accused. (*Zackery*, at pp. 386–389.) Here, the court imposed the fine at a "nonappearance" hearing at which Villatoro was not present.

Although we reverse the order imposing the fine, we recognize the practical dilemma that trial courts and district attorneys may face in order to secure defendants' compliance with a law founded on strong public policy. However, frustration is not a substitute for authority. If prosecuting an infraction is too onerous a requirement for district attorneys seeking compliance with section 29810, one remedy would be to seek legislative change. In the present case, Villatoro was placed on probation. We express no opinion whether completing the Prohibited Persons Relinquishment Form could be included as a term of probation. We hold only that the court may not initiate infraction proceedings on its own.

/ / /

/ / /

6

## *DISPOSITION*

The January 30, 2019 order imposing a $100 fine is reversed.  The judgment is otherwise affirmed.


RUBIN, P. J.

WE CONCUR:


MOOR, J.


KIM, J.

7