Filed 3/7/25  Bush v. Superior Court CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STEPHEN CHRISTOPHER BUSH,<br><br>      Petitioner,<br><br>          v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>      Respondent;<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>      Real Party in Interest. | G064402<br><br>(Super. Ct. No. 23NM10861)<br><br>O P I N I O N |

ORIGINAL PROCEEDINGS; petition for a writ of prohibition/mandate to challenge an order of the Superior Court of Orange County, Beatriz M. Gordon, Judge. Petition denied.

Martin Schwarz, Public Defender, Adam Vining and Alexander Bartel, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Todd Spitzer, District Attorney, John R. Maxfield and Brendan Sullivan, Deputy District Attorney, for Real Party in Interest.

\*          \*          \*

This case concerns a purported regular practice of respondent court, the master calendar court for setting misdemeanor trials. Stephen Christopher Bush petitions for a writ of prohibition or mandate, seeking dismissal of his misdemeanor case for violation of the statutory right to a speedy trial under Penal Code section 1382.[1]

Bush was ordered to personally appear for trial on June 5, 2024, at 8:30 a.m. The trial court also admonished Bush that a bench warrant would issue if he was not there on time. At 8:32 a.m. on the day set for trial, Bush was not in court, so the court issued a bench warrant. Bush arrived two minutes after the warrant was issued. Over his objection, the court set a new trial date of June 13, reasoning that issuance of the warrant had restarted the 45-day period in which Bush had to be tried. Bush later unsuccessfully moved to dismiss the case under section 1382.

Bush objects to respondent court's practice of issuing bench warrants for a defendant's nonappearance for trial—even though the case could not be sent out for trial until later that morning and the prosecutor had yet to appear in court—then recalling the warrant once the defendant appears, declaring the matter day 0 of 45 for trial setting, and setting a new

---

[1] All subsequent statutory references are to the Penal Code unless otherwise stated.

trial date beyond the period allowed under section 1382. He contends the practice is "nothing short of a concerted effort to subvert the speedy trial rights of defendants in violation of the federal and state constitution and statute."

We conclude respondent court had discretion under section 1043 to issue the bench warrant for Bush's failure to timely appear at trial and thus did not err by denying Bush's section 1382 motion to dismiss. While a trial court practice of automatically issuing warrants without consideration of the relevant circumstances of the case may qualify as a failure to exercise discretion under section 1043, nothing in this record suggests the trial court failed to consider the facts before it or abused its discretion in doing so. Accordingly, we must deny the petition for writ of prohibition or mandate.

FACTS

A misdemeanor complaint filed October 9, 2023, charged Bush with driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and driving under the influence with a blood alcohol content of 0.08 percent or greater (*id.*, subd. (b)).

At the arraignment hearing on October 24, Bush pleaded not guilty on all counts. Bush was released on his own recognizance (OR) on conditions, including that he not drive with a measurable amount of alcohol in his system. Trial was originally set for February 1, 2024, and Bush was ordered to appear.

On February 1, 2024, counsel for both sides were present in court, but Bush was not. The trial court issued a bench warrant, with bail set at $5,000. Bush waived statutory time for trial, and trial was continued to February 22. The court ordered Bush to personally appear and advised defense counsel to have him present at the next court date.

3

On February 22, at the defense's request, trial was continued to March 28. Bush waived statutory time for trial, and the trial court ordered Bush to personally appear.

On March 28, the People answered not ready, the defense answered ready, and the trial was trailed to April 2 (day 4 of 10). The trial court ordered Bush to personally appear at trial and "admonished [him] to be present at 8:30 am or a warrant will be issued."

On April 2, both sides were present. The trial court granted a request for continuance, Bush waived statutory time for trial, and the court set trial for April 18 (day 0 of 10). Bush was ordered to personally appear.

On April 18, defense counsel appeared on behalf of Bush, pursuant to section 977, subd. (a). At the defense's request, the trial court continued trial to May 2 (day 0 of 10). Bush waived statutory time for trial. The court "advised counsel to have defendant present at the next court date."

On May 2, at the defense's request, the trial court continued trial to May 14 (day 0 of 10). Bush waived statutory time for trial. The court ordered Bush to personally appear.

On May 14, the People answered not ready, the defense answered ready, and trial was trailed to May 20 (day 6 of 10). The trial court ordered Bush to personally appear at trial and "admonished [him] to be present at 8:30 am or a warrant will be issued."

On May 20, the trial court granted the People's section 1050 motion to continue trial to June 5, with no 10-day trailing period. The court ordered Bush to personally appear at trial and "admonished [him] to be present at 8:30 am or a warrant will be issued."

On June 5, when Bush did not answer in court at 8:32 a.m., the trial court issued a bench warrant and set bail at $15,000. According to

4

Deputy Public Defender Shannon Talbot, she arrived at the courtroom at 8:33 a.m., Bush arrived a minute later, at 8:34 a.m., and the prosecutor arrived between 8:50 and 9:00 a.m.

The parties appeared before the trial court later that morning. When the court greeted Bush with a "Good morning," he replied, "Yes, ma'am. It's almost afternoon." The court replied, "It sure is. And you were late this morning." Bush replied, "I was." The court stated there was a warrant for his arrest and there was a new case filed against him; Bush confirmed he understood this. The court found that due to Bush's "failure to appear on time today, the statutory time for trial begins today. Today is day 0 of 45. Last day / day 45 is 7/22/24." The court stated: "I explained that to you the last time you were here. What's gonna happen if you do not appear at 8:30. I actually took the bench at 8:32. There was one person in this courtroom and that was a private attorney. Nobody else was in this courtroom. Not you. Not any of the attorneys. No one. It was court staff. So I issued a warrant. I'm true to my word. I – 8:30 means 8:30. And I will note that this, this is not the first time Ms. Talbot, that this matter was set for jury trial and this gentleman did not appear in court." The court stated that given Bush's past conduct, the court was "now detecting a pattern that when things are set for jury trial, Mr. Bush might not be coming into to [*sic*] court."

The trial court noted Bush was in violation of release conditions due to allegations in a new case that Bush was driving under the influence of alcohol on April 27, 2024 (case no. 24NM06748). The court denied the People's request to set trial the next day, June 6, stating there were "other jury trials that are more time sensitive than this because last day for this case now is July 22nd." Instead, the court set trial for June 13, which the court noted was "the same date that [defense counsel] picked for his

5

continued arraignment on the other case." The court ordered Bush to personally appear at trial and "admonished [him] to be present at 8:30 am or a warrant will be issued." Bush did not waive statutory time for trial and objected to any new trial date.

The court then held a bail review hearing, set bail at $5,000 to be posted by June 7, and ordered the installation of an ignition interlock device to be installed by July 5. Bush was ordered to appear at the bail hearing on June 7 at 10:00 a.m. unless bail was posted beforehand.

On June 7, at 10:05 a.m., counsel for both sides were present in court, but Bush was not. The court stated to defense counsel, "I was crystal clear. I said 10 o'clock and I distinctly remember your client saying after I explained what the OR conditions was, that's fair. I think he may have even said that's very fair. Okay, it is 10:05. He is not here. I'm issuing bench warrants in both cases in the amount of $15,000." The trial court vacated the setting of bail, the June 13 jury trial, and the July 5 hearing regarding the ignition interlock device. The court denied defense counsel's motion to dismiss the case for violation of Bush's speedy trial rights.

Bush sought writ relief in the appellate division of the superior court. On July 3, the petition was summarily denied.

A week later, Bush filed in this court a petition for writ of prohibition/mandate and request for immediate stay. We requested preliminary briefing and ordered a stay of trial. After finding good cause, we issued an order to show cause why the relief prayed for in Bush's petition should not be granted. Pursuant to our order, the People filed a return to the petition and Bush filed a reply.

6

DISCUSSION

I.

GENERAL PRINCIPLES

*A. Section 1382*

A criminal defendant has both a constitutional and statutory right to a speedy trial. (*People v. Martinez* (2000) 22 Cal.4th 750, 754, 766.) Section 1382 is "one of the principal provisions implementing California's statutory right to a speedy trial." (*People v. Sutton* (2010) 48 Cal.4th 533, 537.) The statute "prescribes certain time periods within which a criminal defendant must be brought to trial." (*Mendoza v. Superior Court* (2024) 103 Cal.App.5th 865, 870.)

In a misdemeanor or infraction case, if the defendant is not brought to trial within either 30 days (if in custody) or 45 days (if not in custody) after a triggering event, such as arraignment, "[t]he court, unless good cause to the contrary is shown, shall order the action to be dismissed." (§ 1382, subd. (a)(3).) This general rule, however, is subject to three exceptions. (§ 1382, subd. (a)(3)(A)–(C).)

As relevant here, the third exception provides that an action shall not be dismissed if "[t]he defendant in a misdemeanor case has been ordered to appear on a case set for hearing prior to trial, but the defendant fails to appear on that date and a bench warrant is issued, or the case is not tried on the date set for trial because of the defendant's neglect or failure to appear, in which case the defendant shall be deemed to have been arraigned within the meaning of this subdivision on the date of his or her subsequent arraignment on a bench warrant or his or her submission to the court." (§ 1382, subd. (a)(3)(C).)

7

*B. Sections 977 and 1043*

A criminal defendant has both a constitutional and statutory right to be personally present at trial. (*People v. Concepcion* (2008) 45 Cal.4th 77, 81.) The statutory right derives from sections 977 and 1043. (*Concepcion,* at p. 81.) Although the defendant may waive the constitutional right to be present at trial (*People v. Cunningham* (2015) 61 Cal.4th 609, 633), "'there is no reciprocal constitutional authority to be absent'" (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 713). The right of absence is a statutory one. (*Ibid.*)

When "the defendant in a misdemeanor case fails to appear in person *at the time* set for trial," the trial court can proceed in several ways, depending on whether defense counsel is authorized under section 977 to proceed in the defendant's absence. (§ 1043, subd. (e), italics added.)

Pursuant to section 977, with certain exceptions, a defendant in a misdemeanor proceeding has a right to be absent and to instead appear by counsel only. (§§ 977, subd. (a)(1), 1043, subd. (e).) That right, however, "is *conditional*: a defendant who absents himself must do so with full knowledge of the pendency of the criminal proceedings, as the waiver of the right to be present must be a knowing and intelligent one." (*People v. American Bankers Ins. Co.* (1987) 191 Cal.App.3d 742, 746.) It is an abuse of discretion for a trial court to "proceed[ ] with the trial without an adequate showing that the defendant's absence is a knowing and voluntary one." (*People v. Disandro* (2010) 186 Cal.App.4th 593, 602.)

Where there is no indication that the defendant gave such authorization under section 977, "the court, in its discretion, *may do one or more of the following,* as it deems appropriate: [¶] (1) *Continue the matter* [¶] (2) Order bail forfeited or revoke release on the defendant's own recognizance

8

[¶] (3) *Issue a bench warrant* [¶] . . . [¶] [or] proceed with the trial if the court finds the defendant has absented himself voluntarily with full knowledge that the trial is to be held or is being held." (§ 1043, subd. (e)(1)–(4), italics added; *Turner v. Municipal Court* (1982) 131 Cal.App.3d 643, 648.)[2] Judicial discretion in these instances "must also be "'guided and controlled by fixed legal principles, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice."'" (*Wade v. Superior Court* (2019) 33 Cal.App.5th 694, 709 (*Wade*).)

With these general principles in mind, we now turn to the merits of Bush's speedy trial rights claim.

## II.

### SPEEDY RIGHTS ANALYSIS

We begin with the last scheduled trial date and time that Bush does not object to: June 5, 2024, at 8:30 a.m. That date was the result of the People's motion for a trial continuance, and nothing in the record suggests Bush consented to the date. Bush had been ordered to personally appear at trial and at 8:30 a.m. or a warrant would be issued.

Bush, however, was not present at 8:32 a.m. on the date set for trial. Neither was counsel for Bush or the People. Because Bush had not "appear[ed] in person at the time set for trial" and his counsel also was not there, respondent court had the discretion to, among other things, "[c]ontinue

_____

[2] The People rely on section 978.5, which provides that "[a] bench warrant of arrest may be issued when a defendant fails to appear in court as required by law." (*Id.*, subd. (a).) This includes when "the defendant is ordered by a judge or magistrate to personally appear in court at a specific time and place." (*Id.*, subd. (a)(1).) Section 978.5 falls under the chapter on "Arraignment of the Defendant" and does not specifically discuss appearances at trial.

the matter" and "[i]ssue a bench warrant." (§ 1043, subd. (e)(1), (3).) This is precisely what it did. Respondent court first issued a bench warrant. And when Bush later appeared in court, respondent court explained Bush was "at day 0 of 45" and continued the trial date to June 13.[3]

The court's 45-day calculation comports with the plain language of section 1382. When "the case is not tried on the date set for trial *because of the defendant's* neglect or *failure to appear, . . . the defendant shall be deemed to have been arraigned within the meaning of this subdivision on the date of* his or her subsequent arraignment on a bench warrant or *his or her submission to the court.*" (§ 1382, subd. (a)(3)(C), italics added.) Here, the case was not tried because Bush failed to appear at his court-ordered time for trial. Bush's appearance in court later that day constituted his "submission to the court" and, by operation of statute, was deemed to be the date of his arraignment under section 1382, subdivision (a)(3)(C). Because a noncustodial defendant in a misdemeanor action must be brought to trial "within 45 days after the defendant's arraignment or entry of the plea, *whichever occurs later*" (§ 1382, subd. (a)(3), italics added), respondent court correctly concluded the 45-day period to bring Bush to trial was reset on June 5, 2024, as day 0 of 45.

---

[3] In a footnote in the petition, Bush remarks that respondent court hadn't "bothered to inquire whether [his] counsel had [section] 977 authority to proceed." When the court issued the bench warrant for Bush's nonappearance, his counsel wasn't present in court either. If defense counsel had been there, she could have represented she had authority under section 977 to proceed in his absence. We agree the better practice would have been for the court, time permitting, to make this inquiry. But to the extent Bush suggests the court was required to do so before issuing the bench warrant, Bush provides no legal authority for his position.

10

Having concluded respondent court was authorized under sections 1043 and 1382 to proceed as it did, we turn to Bush's complaint that the court's "dystopian practice" is aimed at depriving defendants of their speedy trial rights and must end. Given the record here, we cannot agree.

"It is well established, in California and elsewhere, that a court has both the inherent authority and responsibility to fairly and efficiently administer all of the judicial proceedings that are pending before it, and that one important element of a court's inherent judicial authority in this regard is 'the power . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" (*People v. Engram* (2010) 50 Cal.4th 1131, 1146 (*Engram*).)

As represented by Bush, respondent court was acting as the master calendar court for those accused of misdemeanor offenses. "The presiding judge of a master calendar department must conduct or supervise the conduct of all arraignments and pretrial hearings and conferences, and assign to a trial department any case requiring a trial or dispositional hearing." (Cal. Rules of Court, 4.115(a).) To that end, the court had inherent authority to set the order and procedure for assigning cases to trial departments. This includes the authority to order defendants to appear at a set time before counsel must appear. This timeline gives the court the opportunity to determine the number of trial-ready cases and their respective priorities against the number of departments available to accommodate those trials. It also frees counsel, most of whom are government attorneys, to work on other cases and appear for hearings in other departments.

In this case, respondent court clearly informed Bush of his duty to appear on time and the consequences for failing to do so. Counsel for Bush acknowledges respondent court's uniform application of its practice. Given their understanding of the court's procedures, Bush and his counsel cannot assign blame to the court for Bush's failure to appear at court on time. While Bush alludes to "lay people who may have difficulties with childcare or transportation," nothing in the record discloses any attempt by Bush to provide an explanation to the court for his tardiness. For these reasons, and on this record, we do not find respondent court's management of its calendar to be a subversion of Bush's speedy trial rights.

Although we find no abuse of discretion here, we remind respondent court of its duty to exercise that discretion "'"in conformity with the spirit of the law"'" and to promote "'"substantial justice."'" (*Wade*, *supra*, 33 Cal.App.5th at p. 709.) To that end, we encourage the court going forward to aim for case management practices that strike a more "'even balance'" between orderly court administration and a defendant's interest in minimizing trial delays. (See *Engram*, *supra*, 50 Cal.4th at p. 1146 [trial court's management "'must weigh competing interests and maintain an even balance'"].) These practices may include—if the circumstances allow for it—making an effort to ascertain the defendant's whereabouts from their counsel, placing the matter on second call to give the defendant a few minutes more to appear, setting a later time for the defendant to appear (to reduce the defendant's wait time until counsel arrive), or ordering both sides to appear at the same time for a hearing or trial. In addition to promoting substantial justice and trust in the system, practices like these may lead to more efficient and effective management of cases. We do not mean to suggest the court

must do any of these things. We merely note these options are worthy of consideration in the prudent exercise of judicial discretion.

III.

ADDITIONAL ARGUMENT CONCERNING A SIDEBAR DISCUSSION

Finally, Bush raises an issue that is admittedly "not dispositive" to this petition but which he believes to be "of grave concern." He accuses the trial court of threatening him with incarceration to prevent him from asserting his speedy trial rights. We agree this is a serious accusation—but it is one without support in the record.

The alleged threat occurred during a sidebar, according to the declaration of Deputy Public Defender Talbot, which is attached as an exhibit to the petition: "Judge Gordon spoke with us a [*sic*] sidebar when I expressed my grievances with the court's intention to vacate Mr. Bush's trial date and set June 5, 2024 as day 0 of 45. Judge Gordon informed me that I could object, but she could also remand Mr. Bush into custody if I failed to agree." The sidebar discussion, however, was not recorded or transcribed, and it does not appear as though Talbot made any effort to memorialize the discussion in the trial proceedings below. Nowhere in the audio recording or informal written transcript of the June 5, 2024, proceeding does the court make such a threat. (See Cal. Rules of Court, rule 8.486(b)(1)(D) [petition must include "reporter's transcript of oral proceedings that resulted in the ruling under review"].) Although in some cases a writ petition may include a declaration "fairly summarizing the proceedings" in lieu of a reporter's transcript, the declaration must also explain why a transcript of the trial proceedings is unavailable. (Cal. Rules of Court, rule 8.486(b)(3)(A).) Here, Bush provides no explanation why the sidebar conversation could not have been properly

13

memorialized on the record. For these reasons, we decline to entertain this additional argument.

DISPOSITION

The petition is denied. The stay previously issued by this court will dissolve upon issuance of the remittitur. (Cal. Rules of Court, rules 8.490(d), 8.272.)

DELANEY, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

MOTOIKE, J.